## McWalker v. The Branch of the Bank of the State of Alabama at Mobile.

1. In a summary proceeding by a Bank, the judgment entry, if the judgment is by default, must shew a legal title in the Bank to maintain the action ; and where, in such a judgment, the note is described as payable to Andrew Armstrong, cashier, or bearer, the legal title will not be presumed to be in the Bank, unless the judgment entry shows the note to be endorsed to the Bank ; or unless the judgment entry avers the note to have been made payable to the Bank, by the name and description of Andrew Armstrong, cashier.

Writ of error to the Circuit Court of Mobile county.

JUDGMENT on motion by the Bank against the defendant. The judgment entry recites that the Bank moved for judgment against the defendant, as the maker of a promissory note, payable to Andrew Armstrong, Cashier, or bearer, and negotiable and payable at the said Bank. But does not show the legal title to be in the Bank, by averment or otherwise.

This matter, with others, is now assigned as error.

Stewart, for the plaintiff in error.
Attorney General, contra.

GOLDTHWAITE, J.—We have repeatedly held, that where a judgment by default is had in these summary proceedings, that the judgment entry must show affirmatively, every fact and circumstance which is necessary to support the jurisdiction of the Court ; and also, in judgment by default, to show the legal liability of the defendant. In the present case, the note is averred to have been made payable to Andrew Armstrong, Cashier, and it does not appear from this, that the Bank has any legal interest in the note. It is said to be the universal custom of this Bank, to take notes of this description for its loans, &c. This may be true, but it does not change the legal aspect of the case. The Bank could have averred that the note was payable to the corporation by the name and description of Andrew Armstrong, Cashier. Medway Cotton Manufactory v. Adams,

10

10 Mass. 360; Child v. Bank of Passamaquoddy, 3 Mason, 505. Or it might have traced title through his indorsement.

The *prima facie* intendment which arises out of this note, does not show any connexion of the legal interest in it, to belong to the Bank.

The judgment must be reversed for this error, and the cause remanded.

The same judgment is given in two other cases between the same parties, involving the same question.