SMITH, *et als.* v. THE BRANCH BANK AT MOBILE.

1. The result of all the cases in this Court, upon summary judgments rendered on motion is, that when the judgment is by *default*, it must appear by the judgment of the Court, that the defendant had the notice which the law requires, and that the facts were proved, which gives the Court jurisdiction and shows the liability of the defendant for the debt or penalty. If the defendant appear, it will be evidence of notice, and if an issue is made up and submitted to a jury, it is then like any other cause commenced in the ordinary mode, except that it must appear upon the record, that the Court had jurisdiction to entertain the motion.

2. When the record shows that the jury passed upon an " issue joined," if it does not appear from the record what the issue was, this Court will intend that it was an issue formed upon the proper plea.

3. The Bank may maintain an action in its own name, on a note payable to A. Armstrong, cashier, upon an averment that it was made to the corporation by that name.

4. When the caption of the record showed that the court was held on the 2d Monday of February 1841, a memorandum at the head of the judgment entry of " March 17th 1840," will be considered a clerical misprision and amended by other parts of the record.

ERROR to the Circuit Court of Mobile.

This was a summary proceeding, by motion of the defendant against the plaintiffs in error—the following is the judgment entry:

Branch Bank, vs. Daniel Smith, Calvin S. Powe, A. K. Smith. } 17th March, 1840, This day came the parties by their attornies. The motion for judgment was made in the cause on the second Monday of the term. The plaintiff producing a note, dated the 25th of May 1838, payable nine months after date, to the said bank, by the name of Andrew Armstrong, cashier, or bearer, for the sum of one thousand dollars (of which one hundred has been paid,) negotiable and payable at the Branch of the Bank of the State of Alabama at Mobile, and produced the certificate of John B. Norris, President of said Bank, that the same is really and *bona fide* the property of the said Bank, and was when

the same was protested. The facts before stated being shewn, this motion was continued until this day, and thereupon came the defendants and pleaded to this motion; and the plaintiff having filed a replication to the second and third pleas of the said defendants, the defendants demurred thereto, and the demurrer being argued and considered, it is considered by the Court the second and third pleas are insufficient in law, and that the plaintiff is not bound to answer the same; and thereupon, came a jury, to wit, &c. who being sworn, well and truly to try the issue joined, upon their oaths do say, we the jury, do find for the plaintiff, and assess the damages at one thousand and forty-nine dollars eighty cents. It is therefore considered by the Court, that the plaintiff recover against the defendants the said sum, &c.

The assignments of error are,

1st. The service of notice is not sufficient.

2d. It no where appears that any note was produced, made by the plaintiffs in error, or either of them.

3d. It does not appear that Andrew Armstrong endorsed the note to the plaintiff.

4th. It was error to assume, as the plaintiff does in the motion, that the note was made to the plaintiff by the name of Andrew Armstrong, and required his endorsement to sustain this summary remedy.

5th. The record is uncertain and does not shew certainly when judgment was rendered, but appears to have been rendered the 17th March 1840, and not in the year 1841.

6th. It does not appear that any of the defendants, or which of them, joined issue; nor what it was that was found by the jury—nor that such issue authorized a judgment in this summary proceeding.

7th. The Court erred in strking out the pleas, and in sustaining the demurrer to the second and third pleas.

8th. The judgment is uncertain and insufficient, and does not shew who was the plaintiff, or who the defendant, with certainty.

STEWART, for plaintiff in error.

CAMPBELL, contra.

ORMOND, J.—It appears from the objections taken to judgments of this character, that our decisions on this class of cases,

are but imperfectly understood, it may therefore, not be improper that we should again state the result of the cases to be found in our books.

When the judgment rendered on motion is by default, it must appear by the judgment of the Court, that the defendant had the notice which the law requires, and that the facts were proved which gives the Court jurisdiction of the case, and shows the liability of the defendant for the debt, or penalty, sought to be enforced. If the defendant appear, it will be evidence of notice; and if an issue is made up between the parties and submitted to a jury, it is then like any other cause commenced in the ordinary mode, except that it must appear upon the record that the Court had jurisdiction to entertain the motion.

In this case, there was an issue made up between the parties and submitted to a jury; and it also appears from the judgment entry that the Court had jurisdiction. This disposes of all the assignments of error which question the sufficiency of the notice, and the liability of the defendants for the debt, the former being cured, if defective, by the appearance, and the latter ascertained by the verdict of the jury.

It is true, that it does not appear what the issue was which was tried by the jury, but it does appear that the "jury upon the issue joined, found for the plaintiff and assessed the damage at one thousand forty-nine dollars eighty cents." It is then clear that the issue was one which tested the liability of the defendants for the debt, and according to the decision of this Court, in Lucas v. Hitchcock, [2 Ala. Rep. 287,] we must intend that it was an issue formed upon the proper plea. The tendency of our decisions for some years, has been to presume that those acts have been done which although they do not appear upon the record, are supposed to exist, by what does appear, or else were waived by the parties at the trial; any other supposition indeed falsifies the record.

It is also supposed that the recovery is wrong, because the note on which it was had, was payable to *Andrew Armstrong, cashier*, and does not appear to have been assigned to the Bank by him. In the case of McWalker v. The Branch Bank at Mobile, [3 Ala. 153,] we held, that the Bank could recover on such a note, by averring that it was made to the corporation by the name and description of Andrew Armstrong, cashier. Such is the aver-

ment in this case, and its truth is affirmed by the verdict of the jury.

Whether the Court erred or not, in striking out the pleas and sustaining the demurrer of the plaintiff, as stated in the record, we have no means of determining, as the pleas are not found in the record. If it had been intended to revise the judgment of the Court in this matter, the facts should have been presented by bill of exceptions, or in some mode spread upon the record.

The remaining question is, whether the judgment is void, as alleged, for uncertainty. It is supposed to be uncertain, because the parties are not named in the judgment. They are recited by name at the head of the judgment entry, and to that recital the terms " plaintiff" and " defendants" in the judgment of the Court must be referred. The *time* when the judgment was rendered is shown by the caption of the record, by which it appears that the Court was held at a term commencing on the second Monday of February 1841. The memorandum at the head of the judgment entry, in the words and figures, *March* 17, 1840, is doubtless a clerical *misprision*, and by the operation of the statute of *jeo fails*, is amended by the other parts of the record showing the true date.

It results from this examination, that there is no error in the judgment of the Court, and it is therefore affirmed.