Tilman, et al. v. McRae.

## TILMAN, ET AL. v. McRAE.

1. When the judgment of the Circuit Court, in a cause of forcible entry, is reversed because the complaint was dismissed, instead of being remanded that it might be amended in the Justices Court, and the Circuit Court is directed so to enter its judgment, if it afterwards does so and renders costs against the plaintiff in the *certiorari*, this is irregular, but the error is a clerical misprision, and will be here amended at the cost of the plaintiff in error.

Tilman, et al. v. McRae.

Writ of Error to the Circuit Court of Sumter.

THE judgment in this cause, when it was here at a former term upon a writ of error sued out by McRae, was reversed because the Circuit Court should have remanded the proceedings to the Justices Court, in order that the complaint might be amended there, instead of dismissing it in the Circuit Court, as was its judgment. [See 6 Ala. Rep. 486.] When the cause came again before the Circuit Court, on the mandate from this Court, that Court remanded the cause to the Justice's Court, but rendered judgment for costs in favor of McRae, against the plaintiffs in the *certiorari*, who were in point of fact the successful parties. They now prosecute the writ of error, and insist that costs should not have been given against them; but that the judgment should have been for them to recover of McRae.

Lyon, for the plaintiff in error.
R. H. Smith, contra.

GOLDTHWAITE, J.—There is no question as to the error in this judgment, as the party who has succeeded in establishing the incorrectness of the complaint has been condemned in costs. The only doubt we have felt is, whether this ought not to be considered a clerial misprision, and as such, amendable at the cost of the plaintiff in error. In point of law, the costs generally follow the defeated party, and it is properly the province of the clerk so to enter the judgment.

In the present case, there is nothing in the record which warrants us in saying, that the Court specially directed this entry; and as it is clearly irregular, the injured party could have had it corrected on motion, and had the proper judgment entered *nunc pro tunc*. As this course was not pursued, the judgment, under the authority of the statute, (Clay's Dig. 322, § 55,) will be amended here, at the cost of the plaintiff in error.