RIGGS, ET AL. V. THE BANK OF THE STATE.

1. In a summary proceeding by the bank against its debtor, the notice alledged that the drawer and indorser were indebted to the plaintiff by a bill of exchange, purchased under the first section of the act of 1843, and informed them that a motion would be made against them for the amount of money due and unpaid on the bill, together with the interest and damages at the rate of *thirty per cent.* which shall have lawfully accrued thereon. The damages prescribed by the statute on one description of bill to which it referred was thirty, and on another five per cent. *Held,* that as the plaintiff upon proof of default and notice might recover at least five per cent. damages, the notice was not bad on demurrer.

2. In a proceeding by notice and motion, at the suit of a bank against its debtor, if no issue is made up, and a verdict returned for the plaintiff, it is not necessary that the judgment should affirm, with particularity, the proof of every fact which was necessary to have authorized their verdict; it is enough if it distinctly sets forth the facts, which are essential to the exercise of the summary jurisdiction.

3. Where the jury render a verdict for more damages than the legal liability on which the plaintiff founds a right to recover, the judgment will not be reversed on error, but a defendant should move for the new trial in the primary court.

Writ of Error to the Circuit Court of Tuscaloosa.

THIS was a suit instituted by notice and motion under the act incorporating the bank to recover the amount of a bill of exchange for $5,000, with damages and interest. The notice describes the bill as drawn by Daniel M. Riggs on the 1st June, 1844, addressed to the same name, at Mobile, requesting the drawee on the first day of May next, thereafter, to pay to the order of Hardin Perkins, in specie, the sum of $5,000, at the Bank of Louisiana, New Orleans, which bill was indorsed by the payee to Thomas D. King, and by the latter to the defendant in error. The notice alledged that the drawer and indorser were indebted to the plaintiff below by a bill of exchange, purchased under the first section of the act of 14th February, 1843, and informs them that a motion would be made against them, " for the amount of money due and unpaid in said bill, together with the interest and damages, at the rate of thirty per cent. which shall have lawfully accrued thereon." The defendants demurred to the notice, and their demurrer being overruled, an issue was made up and the cause submitted to a jury at the term of the circuit court holden in March, 1846, who found the issue in favor of the plaintiff, and assessed the damages at the sum of $6,627 31 and judgment was rendered acccordingly.

E. W. PECK, with whom was B. W. HUNTINGTON, for the plaintiff in error, contended that the allegation in the notice, that the bill had been purchased by the bank, under the provisions of the first section of the act of 1843, was not sufficient to entitle the plaintiff to recover *thirty per cent. damages*, whatever might be the truth of the case. Under that section it was competent for the bank to purchase, not only bills upon which on a protest for non-payment, such damages might be recovered, but to purchase others on which the damages would be but five per cent. To authorize the plaintiff to recover the higher rate of damages, the notice should have stated the purpose for which the bill was purchased. [Leigh v. The State Bank, 10 Ala. R. 339.]

The statement in the notice that the plaintiff would claim thirty per cent. damages, does not cure the defect—*it* is not

a traversable allegation. It cannot be inferred from the fact that the bill was payable in *specie*, that it was bought for the purpose of remitting funds to pay the State bonds. There being no allegation adapted to the admission of the proof, it must be intended that the plaintiff recovered *thirty per cent. damages*, in the absence of such evidence.

PORTER, for the defendant in error, made the following points: 1. There was no defect in the notice authorizing the court to sustain a demurrer to it. It conforms to all the requirements in regard to such process. [Sale v. Decatur Bank, 1 Ala. Rep. 425; Crawford v. Bank of Mobile, 7 Ala. R. 205; Colgin v. The State Bank, at this term.] 2. So far as the question of interest is concerned, it was not necessary to state in the notice, that it would be demanded. The law fixes the rate of interest, and the court will *ex officio* notice it. 3. Notice in these cases have not the effect of process, nor is a suit pending till the motion is submitted. [Beard v. The Bank, 8 Ala. R. 344; Lyon v. The Bank, 1 Stew. 442; Bondurant v. Wood, 1 Ala. R. 543; Griffin v. The Bank, 6 Ala. R. 911.] 4. As to the question of usury, there must be a design to evade law. [Chitty on Con. 541; Bank v. Waggoner, 9 Pet. 378.] 5. The usury must be determined upon at the time of the transaction, subsequent results will not make it so. [Tate v. Willings, 3 T. Rep. 539; 1 Saund. 295, n. 1; 1 East. R. 92; Phillips v. Cochrane, 3 Camp. R. 119; 8 Mass. R. 101, 256; 1 Pet. R. 43.]

COLLIER, C. J.—In Leigh v. The State Bank, at the last term, it was held, that to authorize a recovery of *thirty per cent. damages* upon a dishonored bill, purchased under the first section of the act of 1843, it must be shown upon the record, that the bill is included in the class upon which such damages are given. The judgment in that case was by default, and this court remarked that it had been settled by many previous adjudications, " that every fact must be shown upon the record to have been proved, which was necessary to establish the liability of the defendant to the judgment as rendered."

24

It does not appear from the notice, that the bill upon which the motion was made, was purchased pursuant to the provisions of the statute referred to, which entitle the bank to *thirty per cent. damages*, upon its being dishonored for non-acceptance, or non-payment; unless the statement that a judgment would be moved for, to recover that amount, can be considered as equivalent to such an averment. However this may be, we will not stop to inquire. The notice described the bill correctly, and is certainly sufficient upon due proof, to authorize the plaintiff to recover at least the amount of the bill, with *five per cent. damages*, and interest—this being the lowest rate of damages prescribed by the act, which are recoverable upon a dishonored bill. It follows then, that as the plaintiff might have obtained a judgment upon his bill, though for less damages than he claimed, the demurrer to the notice was rightly overruled.

In Smith, et al. v. The Branch Bank at Mobile, 5 Ala. Rep. 26, it is said, the result of all the cases in this court, where judgments had been rendered on motion, is, that when the judgment is by default, it must appear by the judgment, that the defendant had the notice which the law requires, and that the facts were proved which gives the court jurisdiction, and show the liability of the defendant for the debt, or penalty. If the defendant appear, it will be evidence of notice, and if an issue is made up and submitted to a jury, it is then like any other cause, commenced in the ordinary mode, except that it must appear upon the record, that the court had jurisdiction to entertain the motion. [See Curry v. The Bank of Mobile, 8 Porter's Rep. 360.] Here the judgment entry directly sets forth the facts which are essential to the exercise of the summary jurisdiction.

If the damages assessed are more than the plaintiff was entitled to recover, the defendants should have moved a new trial in the circuit court, and cannot alledge on error, that the verdict and judgment are for a sum greater than the legal liability sought to be enforced, and that the liability will not support the recovery. When a judgment by default is rendered for more damages upon a dishonored bill, or more interest upon a note or other writing than the law allows, it might be corrected on motion in the primary court, or here,

at the cost of the plaintiff in error. But it was decided by our predecessors, that where the damages or interest were assessed by a jury in such cases, the defendants' remedy was by motion for a new trial, and a judgment rendered on such a verdict, would not be reversed on error. To this decision we have repeatedly done homage, and are still inclined to follow it—it is decisive of the case at bar, and the judgment of the circuit court is therefore affirmed.