# LAMKIN vs. DUDLEY.

[MOTION TO DISMISS APPEAL FOR WANT OF PROPER PARTIES.]

1. *Amendment of clerical misprision in description of parties.*—In an action brought by a feme sole, whose marriage is suggested pending the suit, (Code, § 2150.) the insertion of her former name in the marginal statement of the parties in the judgment entry, being an error apparent on the record, and amendable by the record, (Code, §§ 2402, 2404) will be regarded by the appellate court as amended.

2. *Parties to appeal.*—In an action brought by a feme sole, judgment being rendered against her after her marrage has been suggested and entered of record, an appeal, sued out in her former name, will be dismissed on motion, although she is described by that name in the marginal statement of the parties prefixed to the judgment entry.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THIS action was commenced in the name of Mary D. Lamkin, whose marriage with Franklin R. Witter, pending the suit, was suggested at the term at which the trial was had. In consequence of the rulings of the court during the trial, the plaintiff was compelled to take a nonsuit, with a bill of exceptions. In the marginal statement of the parties' names, prefixed to the judgment entry, the plaintiff is described as Mary D. Lamkin; and in the appeal bond she is described by the same name. On these facts, the appellee's counsel submitted a motion to dismiss the appeal.

WATTS, JUDGE & JACKSON, with D. W. BAINE, for motion.

THOMAS WILLIAMS, *contra.*

A. J. WALKER, C. J.—Section 2150 of the Code directs, that suits brought by or against an unmarried woman shall not abate by her marriage, but that, the marriage being suggested, suit shall proceed in her name acquired by the marriage, and that judgment should be rendered accordingly. The marriage of the plaintiff was

suggested, agreeably to the above-named section; and thereupon the suit should have proceeded, and did proceed, in her name acquired by the marriage, and judgment should have been rendered accordingly against her in her matrimonial name. There was, therefore, a clerical mistake of her name in the judgment entry. She was then known upon the record by the name acquired by the marriage, and by that name she should have been designated as a party in the judgment. This error as to the name of the party in the margin of the judgment, being apparent upon the record, and being amendable by the record, must be regarded as amended.—Code, §§ 2402, 2404; Patterson v. Burnett, 6 Ala. 844; Kennedy & Merritt v. Young, 25 Ala. 563; Thompson v. Pierce, 3 St. 427; Smith v. Branch Bank at Mobile, 5 Ala. 26. It results, that the judgment of the court below must be treated as being against the appellant in her matrimonial name. The name by which she was known before her marriage, ceased to describe any party to the suit, after the proper suggestion of her marriage; and the appeal is not taken in the name of a party to the suit. It must, therefore, be dismisssed.