[Thompson v. Campbell.]

# Thompson v. Campbell.

### Motion to dismiss Appeal.

1. *Appeal from order for possession, &c.; in whose name must be taken.* — Where, at the instance of the purchaser at a sale of mortgaged property, under a decree of foreclosure, a writ of possession issues against a stranger in possession, he may appeal; but the appeal must be prosecuted against the purchaser alone.

2. *Defective appeal.* — Where the appeal bond misdescribes the decree from which the appeal is taken, or where there is no certificate of appeal, the appeal is defective. These defects are amendable under the Revised Code (§§ 4420–21), and the appellant will be allowed a reasonable time to perfect his appeal before it will be dismissed.

THIS was a motion to dismiss the appeal in this case, on grounds stated in the opinion.

BRICKELL, C. J. — A decree was rendered in favor of Campbell, the appellee, against Ann H. Smoot, foreclosing a mortgage made by her; a sale of the mortgaged premises directed, made, and confirmed. The appellee was the purchaser. At this stage of the proceedings the appellant, suing by her husband as next friend, intervened by petition, alleging she was the owner and in possession of the premises, and that the mortgagor was not the owner and had not possession when the mortgage was made, or since; and praying that no order touching the possession should be made without notice to her, and without an opportunity being afforded her to defend her possession. The appellee answered the petition, and moved that he be let into possession. A decree was finally rendered that the appellee be let into possession of the premises, and that the process necessary to put him in possession should issue if it was not surrendered. An appeal was allowed the appellant on her entering into bond with surety, to be approved by the register, conditioned to prosecute the appeal to effect. The record does not contain a certificate of appeal, and the bond for the appeal recites that it is taken from a decree rendered at the June term, 1874, against appellant and Ann H. Smoot.

In *Creighton* v. *P. & M. Bank* (3 Ala. 156), it is held that when on motion of a purchaser at a sale of mortgaged premises, under a decree of foreclosure, a writ of possession is directed to issue against the tenant in possession, an appeal from such order may be prosecuted by the tenant. It must be prosecuted against the purchaser alone. Neither the complainant or any other party to the foreclosure suit is a proper party to the appeal. The controversy is exclusively between the tenant and the purchaser. Under the authority of that decision, the appellant may prosecute an appeal from the decree, letting the ap-

pellee as purchaser into possession. But Mrs. Smoot cannot be a party to such appeal. She is not a party to the decree from which the appeal is taken; nor is the appellant a party to the decree of foreclosure rendered against Mrs. Smoot. There is no decree in the record rendered jointly against appellant and Mrs. Smoot, and, of consequence, no such decree as that described in the appeal bond.

The appeal is irregular for the want of a certificate of appeal, and because the decree from which it is intended to appeal is misdescribed in the appeal bond. These irregularities are amendable under the statute. R. C. §§ 4420–21, p. 844. If the proper steps are not taken to amend them within twenty days, the motion to dismiss the appeal must be allowed.