# Schuessler & Co. v. Wilson.

*Certiorari from Justice's Court ; Action against Husband and Wife for Necessary Family Supplies.*

1. *Amendment of complaint.*—In an action against husband and wife, if the cause of action is described in the original complaint as "provisions furnished to defendant at his request," the complaint may be amended by the addition of averments necessary to show a valid cause of action against the wife's statutory separate estate; and *a fortiori*, in a case removed by appeal or statutory *certiorari* from a justice's court, which is required to be "tried according to equity and justice, without regard to any defect in the summons or other proceeding before the justice" (Rev. Code, § 2772), such an amendment should be allowed.

2. *Clerical misprision in bill of exceptions.*—Where the appeal is sued out by the plaintiff below, from a judgment of nonsuit, which he was compelled to take in consequence of the refusal of the court to allow him to file an amended complaint, a recital in the bill of exceptions that "the *defendant* excepted to this ruling of the court, and, in consequence of this ruling being unable to proceed further with his case, thereupon took a nonsuit," &c., shows a mere clerical misprision, which will be considered as amended.

3. *Exemption of personal property ; pleadable by wife, in bar of action for necessaries.*—In an action against husband and wife, seeking to subject the wife's statutory separate estate to the payment of a debt for "articles of com-

VOL. LVI.

[Schuessler & Co. v. Wilson.]

fort and support of the household" (Rev. Code, 2376), the wife may claim a statutory exemption in the property sought to be subjected.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by S. Schuessler & Co., suing in their partnership name only, against R. Wilson and his wife, Ellen Wilson; and was commenced on the 31st January, 1876, in a justice's court. The cause of action on the justice's summons was in these words : "Plaintiffs claims from defendants the sum of $90, due by defendant to plaintiffs for provisions furnished to defendant at his request, as by account stated; which sum is now due and unpaid." The justice having rendered judgment for the plaintiff, an execution thereon was issued, and levied on certain articles of household furniture, on the 11th March; 1876; and Mrs. Wilson thereupon made and filed an affidavit and claim of exemption, and removed the case, by *certiorari*, into the Circuit Court. The plaintiffs there asked leave to file a complaint, in proper form, against husband and wife; alleging that the goods furnished were articles of comfort and support of the household, that the defendants were living together as husband and wife at the time, that the articles levied on belonged to the wife's statutory separate estate, &c. The defendants objected to the filing of said complaint, on these grounds : 1st, that the original complaint, on which the judgment was rendered by the justice, contained no substantial cause of action against the said Ellen Wilson; 2d, that said suit in said justice's court was against said Ellen Wilson personally, and not against the *corpus* of her statutory separate estate; 3d, that said original complaint did not aver that the provisions furnished to the defendant at his request, as therein averred, were articles for the comfort and support of the defendants' household, nor that the defendants were husband and wife, or living together as such, at the time said provisions were furnished; 4th, that the judgment rendered by the justice was *coram non judice* and void; 5th, "that the said Ellen Wilson was not made a party to said suit as required by law;" 6th, "that said complaint now proposed to be filed as a substitute, or amendment, not merely changes the form, but makes another and entirely different cause of action from the original suit." "These objections," the bill of exception states, "were offered and urged by each of said defendants separately, as well as jointly. The court sustained said objection, and refused to allow said declaration to be filed; and to this ruling of the court the *defendant* thereupon excepted, and, in consequence of this rul-

ing being unable to proceed further with his case, thereupon took a nonsuit, with leave to file a bill of exceptions; and plaintiffs now tender this, their bill of exceptions," &c. The appeal is sued out by the plaintiffs below, and the only matter assigned as error is the refusal of the court to allow the complaint to be filed.

ELMORE & GUNTER, for appellants.

RICE, JONES & WILEY, contra.

STONE, J.—The complaint offered to be filed in this cause was not such a departure from the cause of action stated in the summons before the justice, as that it should have been rejected on that account. If the action had been commenced in the Circuit Court, by summons and complaint in the common form, the court would have allowed the complaint to be so amended, as to set forth a cause of action for which "the separate estate of the wife is liable" under section 2376 of the Revised Code.—*Reed v. Scott*, 30 Ala. 640; *Smith v. Plank Road Co.*, 30 Ala. 650; *Harris v. Plant*, 31 Ala. 639; *Russell v. Erwin*, 38 Ala. 44; *Longmire v. Pilkington*, 37 Ala. 297. In the case of *Ravisies v. Stoddart*, 32 Ala. 599, this court adjudged the complaint bad, in that it did not describe the property which composed the wife's estate, sought to be charged. The judgment of the Circuit Court was reversed, and the cause remanded; doubtless, that the complaint might be amended in the court below. This being the rule in ordinary cases commenced in courts of record, for a much stronger reason should the proposed amendment be allowed in a case of appeal from a justice's judgment, which is "tried according to equity and justice, without regard to any defect in the summons or other proceeding before the justice."—Rev. Code, § 2772; 1 Brick. Dig. 112, § 55.

It is urged, as a reason why we should not reverse the ruling of the Circuit Court, that the record fails to show any exception to the court's ruling, saved by appellant. True, the record says, "the defendant [appellee here] thereupon excepted." If these words stood alone and unaided, we would treat the exception as not well taken. But they do not stand alone. The context shows unmistakably that it was the plaintiff below (appellant here) who reserved the exception. The defendant below (appellee here) filed objections to the allowance of the amended complaint offered, seven in number, which are set out. The bill of exceptions then proceeds as follows: "And the court sustained said objections, and refused to allow said declaration to be filed; and to this

[Cantelou v. Doe, ex dem. Hood.]

ruling of the court the defendant thereupon excepted, and, in consequence of the adverse ruling being unable to proceed further with his case, he thereupon took a nonsuit, with leave to file a bill of exceptions; and plaintiffs now tender this their bill of exceptions, which is signed and sealed," &c. The insertion of the word *defendant* is a mere clerical misprision, as is fully explained by the context.—*Smith v. Branch Bank*, 5 Ala. 26; *Lamkin v. Dudley*, 34 Ala. 116; *Tilman v. McRae*, 8 Ala. 677.

In refusing to allow the amended complaint to be filed, the Circuit Court erred.

We find in the transcript a claim of exemption. Such claim, if made by one who is a resident of this State, and properly pleaded and proved, is a good defense in favor of a married woman, whose estate is sought to be made subject to a debt for "articles of comfort and support of the household," under the statute—*Bender v. Meyer & Co.*, at present term.

The judgment of the Circuit Court is reversed, the nonsuit set aside, and the cause remanded.