CARBONELL *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of San Germán.

No. 57.—Decided June 2, 1910.

CLASSIFICATION OF DOCUMENTS—EXECUTION OF JUDGMENT BY DEFAULT—POWERS OF REGISTRAR.—A judgment by default should recite facts sufficient to show that the defendant was in default, and for what reason, whether for failure to appear, or to plead, or otherwise. It must appear by the judgment of the court that the defendant had the notice which the law requires, and that the facts were proved which gave the court jurisdiction and show the liability of the defendant for the debt or penalty.

ID.—DEED OF SALE BY VIRTUE OF JUDGMENT BY DEFAULT.—The grounds for an entry of default not appearing from the judgment nor from the deed of sale executed by the marshal of a court in compliance therewith, the registrar,

in classifying said deed, has power to record the same with the curable defects that it does not show the manner in which the summons was served upon the defendants, for the purposes of section 140 of the Code of Civil Procedure, nor whether said defendant had submitted to the jurisdiction of the municipal court, inasmuch as such defects affect the capacity of one of the makers of the deed, which capacity the registrar must determine from what appears in the document.

The facts are stated in the opinion.

*Mr. Benito Forés* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

There having been presented for admission to record at the Registry of Property of San Germán the deed of sale of an interest as joint owner in a rural estate, executed on April 28, 1910 (?), before Notary Forés, by Estéfano Grégory, marshal of the municipal court of San Germán, in the name of Ramón Rafael Carbonell, of the one part, and of Celedonio Carbonell, of the other, the registrar made the record, but "with the curable defects of not showing the manner in which the summons of the defendant, Ramón Rafael Carbonell y Casabó, was served, for the purposes of section 140 of the Code of Civil Procedure, nor whether the latter had submitted to the jurisdiction of the municipal court of this city, pursuant to sections 75 and 76 of the aforesaid Code."

Celedonio Carbonell, the interested party, not being satisfied with the registrar's decision, took therefrom the present administrative appeal, alleging, as grounds thereof, the doctrine laid down by this Supreme Court in the case of *Voight v. The Registrar of Ponce,* 1 Castro, 202, viz.: That "registrars shall classify documents presented for record by what appears from the documents themselves, but have no authority to qualify the proceedings had before the courts of justice, whatever may be the defects contained therein, the interested parties being the only ones who could claim against said defects, through the proper proceeding."

Let us examine the facts. The deed referred to in this case was executed in compliance with a judgment rendered by the

municipal court of San Germán, which, as reproduced in the deed, reads as follows:

"This case having been called for a hearing to-day, April 12, 1910, the plaintiff appeared with his counsel, Attorney Benito Forés, while the defendant failed to do so, his default being entered. And the complaint having been heard, as also the evidence submitted and arguments of the party, it is held that the law and the facts are in favor of the plaintiff, and, therefore, the defendant is ordered to execute within five days the deed transferring to the plaintiff, Celedonio Carbonell y Casabó, the title to the joint ownership referred to in the complaint, on the strength of the sale thereof made by the latter to the former, the costs being taxed against said defendant; it being further ordered that should the deed of sale not be executed within the term fixed therefor, the official charged with the enforcement of this judgment shall execute the same, and that for the purpose of carrying out the decision, a writ of execution be issued to the marshal."

In said judgment it is stated that the default of the defendant had been entered, he having failed to appear at the hearing, but nothing is said concerning the reasons for entering the default, nor the manner in which the summons was served upon the defendant.

"A judgment by default should recite facts sufficient to show that defendant was in default, and for what reason, whether for want of an appearance, for want of a plea, or otherwise." (23 Cyc., 766.)

"Where the judgment is by default, it must appear by the judgment of the court that the defendant had the notice which the law requires, and that the facts were proved which gave the court jurisdiction and show the liability of the defendant for the debt or penalty." (*Smith* v. *Branch Bank,* 5 Ala., 26; 24 American Digest, 242.)

The notary authorizing the deed in question states that he had before him the record of the case in which was rendered the judgment referred to; but he makes no mention of the entry of the default and manner in which the summons was served. He had an opportunity to state what had been omitted in the judgment, because in the record, when it is a question

of a judgment by default, there must necessarily be included the summons of the defendant together with the affidavit and evidence of service of the process. He failed to make such statement, and we find that the determination of the registrar was proper, especially when in the deed itself it is said that the defendant resided in Mexico, that is, out of Porto Rico.

"In a case of judgment by default against absent defendants, published, the entry of judgment should show how they were brought into court." (*Stillwell* v. *Tomlinson,* 36 N. J. Law, VII, Vroom, 359; 24 American Digest, 242.)

The doctrine invoked by the appellant we do not believe applicable to the case at bar. (*Voight* v. *The Registrar of Ponce, supra.*)

The question here deals with the capacity of one of the interested parties which the registrar must determine by what appears from the deed. (Art. 18 of the Mortgage Law.) And in order that the capacity of the vendor should clearly appear, the jurisdiction of the court to render the judgment upon which the marshal acted, must also clearly appear. To determine this jurisdiction in cases of judgments by default, it must be shown that the defendant had been summoned in one of the ways prescribed by law, and that his default was entered in accordance with the law.

The least that the registrar could do in this case was to accept as valid the judgment by virtue of which the deed was executed, and to record the latter, confining himself to stating the defects contained therein as mere curable defects.

The appeal should be dismissed and the decision of the registrar affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.