# Stinson *v.* Faircloth-Byrd Company.

## *Detinue.*

(Decided Dec. 19, 1911. 57 South. 143.)

1. *Witnesses; Impeachment; Contradictory Statement.*—Upon proper predicate laid a witness may be impeached by proof of former statements of the witness made which is inconsistent with a material part of his testimony, and it is not essential that the statements be made in the presence of the party calling him.

2. *Mortgages; Right of Mortgage.*—The right of a mortgagee depends wholly upon whether the mortgagor had the right to encumber the property when he executed the mortgage, and his interest in the property at the time of the execution of the detinue writ by the mortgagee for the recovery of the property is immaterial, and hence, a charge that if at the time the levy was made the mortgagor did not own such property, then judgment should be for the claimant, was improper.

3. *Detinue; Instructions.*—In an action of detinue for mortgaged crops where the evidence shows that a part of the crop was grown on rented lands, and it was in conflict upon the issues as to whether claimant or the mortgagor owned the crop grown on the rented land, a charge assuming that all the crops were grown on plaintiff's land was improper.

4. *Same; Judgment.*—In detinue for chattels claimed by a third person where the issue of ownership is found against the claimant, the proper judgment is condemnation of the property, and that it is subject to a writ of detinue, and a judgment in favor of the plaintiff against the claimant for the assessed value of the property is erroneous.

5. *Charge of Court; Argumentative.*—A charge which is argumentative and which singles out a portion of the evidence for the consideration of the jury is properly refused.

6. *Appeal and Error; Determination; Reversible Error.*—Where the verdict of the jury is responsive to the issues and finds that the property was not that of the claimant, but belonged to the plaintiff, and the record furnishes sufficient matter to amend by, a judgment against the claimant for the assessed value of the property sued for does not constitute reversible error, as this court can here amend the judgment and as amended affirm it.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by the Faircloth Byrd Company against J. T. Stinson, with Sarah Stinson as claimant. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused to the claimant: (1) "If the jury are not reasonably satisfied from the evidence in this case that, at the time the levy was made upon the property involved in this suit, J. T. Stinson owned such property, you will find for the claimant." (6) "I charge you, gentlemen of the jury, that the claimant in this suit has made out a prima facie case as to the crops by showing her title to the land upon which the crops were raised, and the burden of proof is upon the plaintiff to show that the property claimed by the claimant was, at the time of the execution of the mortgage relied on by plaintiff to recover on, owned by plaintiff." The plaintiff relied for recovery upon a mortgage executed by J. T. Stinson on January 17, 1907, covering all crops of the years 1906, 1907, 1908, 1909, and 1910, in Coffee county, Ala. It is further shown that the property described in the mortgage was in the possession of Stinson , and that he was living on the land on which part of the crops were grown at the time of the signing of the mortgage. The claimant set up that the lands were hers, and that her husband did not raise any crops that year, but merely superintended the raising of a crop for her.

[Stinson v. Faircloth-Byrd Company.]

J. F. SANDERS, and CLAUD RILEY, for appellant. The court erred in permitting the witness Stinson to be impeached as attempted in the record, as the question and answer was rather an attempt to establish proof of possession, and to show declaration of ownership by one in possession.—*Bradford v. Haggerty,* 11 Ala. 698; *Daffron v. Crump,* 69 Ala. 77; *Griel Bros. v. Solomon,* 82 Ala. 85; *Larkin v. Beatty,* 111 Ala. 303. On these same authorities assignments of error 8, 9 and 14 were well taken.—*Allen v. Hamilton,* 109 Ala. 634, and authorities supra. Declaration made by Mrs. Stinson that certain cotton belonged to her husband, and that he was holding it for a better price should have been ruled out as the cotton was not identified as that in controversy, and the mere introduction of plaintiff's mortgage did not establish title to the cotton in controversy without further proof that it was the cotton covered by the mortgagee. —*Kirksey v. Means,* 42 Ala. 426; *Booker v. Jones,* 55 Ala. 266; 67 Ala. 290; 73 Ala. 59; *Jackson v. Bain,* 74 Ala. 328. Charge 1 should have been given.—*Vaugh v. Oemig,* 95 Ala. 306. Charge 2 should have been given.—*Thweat v. Stamps,* 67 Ala. 96; 12 Cyc. 976. The affirmative charge should have been given for the claimant.—Authorities supra, and *Clanton v. Scruggs,* 95 Ala. 279; *Richardson v. Stevens,* 122 Ala. 301. Counsel insist that the judgment is erroneous, and cites sec. 3792, Code 1907, and *Langworth v. Goodall,* 76 Ala. 325.

H. L. MARTIN, for appellee. The judgment was not so erroneous as to require a reversal. The record furnishes sufficient data from which to amend it, and this court will amend and affirm.—*Seisel v. Folmar,* 103 Ala. 491; Sec. 4140, Code 1907. The bill of exceptions

shows that the question as to the ownership of the cotton was properly submitted to the jury for their determination, and there was no error committed by the trial court in doing so.

WALKER, P. J.—On laying the proper predicate, the testimony of a witness may be impeached by the opposing party by proof of former statements made by the witness which are inconsistent with any part of his testimony which is material to the issue in the case; and it is not a prerequisite to the admissibility of the proof of such contradictory statements that they were made in the presence of the party in whose behalf the witness was examined. This statement disposes of several of the assignments of error which are sought to be sustained by the argument of the counsel for the appellant.

The following statements in reference to the several written charges which it is urged in argument were improperly refused to the claimant indicate a fault in each of those charges which, in the opinion of the court, justified the lower court in refusing to give it: If the mortgagor had the right to mortgage the property in question at the time he executed the mortgage to the plaintiff, it was immaterial whether he retained any interest in it at the time of the levy of the plaintiff's writ in detinue. Charge 1 ignored this fact.

Charge 6 improperly assumed that all the crops in question were grown on land to which the claimant showed title. The evidence showed that part of the crop was grown on rented land, and the evidence was in conflict on the issue as to whether the claimant or her husband, the mortgagor, owned the crop grown on the rented land.

Charge 10 was properly refused as argumentative, and because it singled out a part of the evidence for the consideration of the jury. Charge 12 ignored the evidence tending to show ownership by the mortgagor of property embraced in the mortgage. As to such property, authority from the claimant was not required to give validity to the mortgage in question. The conflict in the evidence was such as to make the case plainly one in which the claimant was not entitled to the general. affirmative charge requested in her behalf.

Upon the trial of the right of property in chattels upon which a writ of detinue has been levied, if the issue is found against the claimant, the appropriate judgment is a condemnation of the property, and that it is subject to the writ of detinue. The judgment rendered in this case in favor of the plaintiff against the claimant for the assessed value of the property sued for, together with the costs of the suit, was erroneous.

This is not an error constituting a ground for the reversal of the judgment. The verdict of the jury was duly responsive to the issue tried. The record furnishing sufficient matter to amend by, the appropriate judgment will be rendered here, and, as so amended, the judgment will be affirmed.—*Seisel & Co. v. Folmar & Sons,* 103 Ala. 491, 15 South. 850; *Keyser v. Maas,* 111 Ala. 390, 21 South, 346; Code. § 6042. The statute makes provision for the proceedings against the principal and sureties on the claim bond in the event of the failure of the claimant to deliver the property for which judgment is rendered against her.—Code, §§ 6042, 3792.

Corrected and affirmed.