(75 South. 143)

WILDER et al. v. BUSH. (6 Div. 541.)

(Supreme Court of Alabama. April 5, 1917.)

1. APPEAL AND ERROR ⊜═►384(2) — APPEAL BOND — MISDESCRIPTION OF JUDGMENT — AMENDMENT—STATUTE.

The fact that the appeal bond describes the judgment as of date January 8, 1916, whereas the true date was February 8, 1916, is not necessarily fatal; other elements of the description showing with reasonable certainty that it can be no other than the judgment from which the appeal was taken, and the amendment necessary to perfect the appeal bond being allowable on timely motion under Code 1907, §§ 2885, 2886.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2050-2053.]

2. APPEAL AND ERROR ⊜═►345(1)—TIME FOR TAKING—COMPUTATION.

Where trial was had February 8, 1916, motion for new trial was overruled March 11th, the bill of exceptions was presented to the presiding judge May 5th, was signed and approved by him August 1st, and the appeal was perfected August 9th, the appeal will not be dismissed on the ground that it was taken more than six months after rendition of judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1895.]

3. COURTS ⊜═►116(4)—RECORDS—CONTROL OF JOURNALS—ADJOURNMENT OF TERM.

Under Alabama practice, the trial court retains control of its journals during the entire term, or for the time specified by the statute, and throughout such time the court may add to, strike out, or alter its journals, or incorporate new matter; but on final adjournment the control is lost.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 372.]

4. COURTS ⊜═►86 — RECORDS — READING OF MINUTES—STATUTE.

Code 1907, § 3272, subd. 8, making it the duty of clerks of courts to keep a book, in which must be entered the minutes of each day's proceedings during the term, and the orders and judgments, in the order in which they are made or rendered, presupposes a reading of the minutes each morning in open court, which reading, however, is directory.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 293.]

---

⊜═►For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 132.

**5. COURTS ⊜⇒116(2) — ENTRY OF JUDGMENTS BY CLERK—CORRECTION OF ERRORS.**

The clerk of the court should write the judgments from the bench notes and pleadings in each cause, which entries are, in a general sense, in fieri until the minutes are signed by the presiding judge, or until the adjournment of court, or expiration of the limitation fixed by statute, and until such time the clerk may make his minutes speak the truth by correcting clerical errors.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 371.]

**6. COURTS ⊜⇒116(1)—RECORDS — ALTERATION OR CORRECTION BY THIRD PERSON.**

No third person has the right to alter or correct even a clerical error contained in the journals of any court, and it is a serious assumption for any third person to attempt to do so personally or to procure a clerk or register to do so.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 369.]

**7. COURTS ⊜⇒116(4) — JOURNALS — CORRECTION OF CLERICAL MISPRISIONS—STATUTES.**

Under Code 1907, §§ 2891, 3256, 4139, 4140, clerical misprisions in the journals of a court may be corrected after adjournment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 372.]

**8. COURTS ⊜⇒116(3)—JOURNALS — "CLERICAL ERRORS."**

"Clerical errors" in the journals of the court are not only those made by the clerk, but also those mistakes apparent on the record, made by counsel or even by the court in the progress of the trial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Clerical Error.]

**9. COURTS ⊜⇒113—ALTERATION OF MINUTES OF COURT—LIABILITY TO INJURED PARTY.**

Where a change in the minutes of the trial court was made by its clerk before they were signed by the judge at the end of the term, a party who procured the clerk to make the change was not liable to the party injured.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 365, 366.]

**10. EVIDENCE ⊜⇒158(5)—BEST EVIDENCE.**

In an action for damages for wrongfully altering the minute record of a circuit court, objection to questions propounded to the judge of such court was properly sustained, since the record must speak for itself.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 476, 480, 482, 483, 485, 487.]

**11. DAMAGES ⊜⇒73 — REMOTENESS — ALTERATION OF RECORD.**

In an action for wrongfully altering the minute record of a circuit court, damages sustained by plaintiff, an administrator, in defending for the judge of the court a mandamus suit, in which contention the judge was not sustained, and in the expenses of a trip to attend the prosecution of the petition for mandamus on appeal, were too remote.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 152.]

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by George E. Bush, as administrator, etc., against Samuel Wilder and another for damages for wrongfully altering, changing, or falsifying the minute record of the circuit court of Jefferson county. From a judgment for plaintiff, defendants appeal. Transferred from the Court of Appeals un-der Act of April 18, 1911, p. 449, § 6. Reversed and remanded.

The facts sufficiently appear. The following charges were refused to defendant:

(3) If the jury believe from the evidence that the change in the minutes of the court was made by the clerk of the court before they were signed by the judge at the end of the term, you will find a verdict for defendant.

(5) If you believe the clerk changed or altered the minutes before they were signed, your verdict must be for defendant.

(7) I charge you that it is not necessary that the bench notes of the judge conform to the minutes of the court. The bench notes can be changed so as to make the record speak the truth before the minutes are signed by the presiding judge.

The questions propounded to Judge Smith are as follows:

Was that the order you intended to render in said cause at that time? Is said order correct? What judgment was rendered by you in said case at said time?

Ivey F. Lewis, of Birmingham, for appellants. Geo. E. Bush, of Birmingham, pro se.

THOMAS, J. This case was submitted in the Court of Appeals on the motion to dismiss the appeal, and on the merits.

The grounds of the motion were, in effect: (1) That the appeal was taken more than six months after the rendition of the judgment in said cause; and (2) that the appeal does not purport to have been taken from the judgment set out in said record.

[1] The fact that the appeal bond describes the judgment as of date January 8, 1916, whereas the true date was February 8, 1916, is not necessarily fatal; other elements of the description show with reasonable certainty that it can be no other than the judgment from which the appeal was taken. Street v. Street, 113 Ala. 333, 21 South. 138; B. T. & S. Co. v. Currey, 175 Ala. 373, 57 South. 962, Ann. Cas. 1914D, 81; Strain v. Irwin, 195 Ala. 414, 70 South. 734;[1] Thompson v. Campbell, 52 Ala. 583. Timely motion having been made, the amendment necessary to perfect the appeal bond was properly allowed. Code 1907, §§ 2885, 2886.

The time within which an appeal may be taken to review the exceptions reserved on the trial, or on the motion for a new trial, has often been considered by our court. In Central of Georgia Ry. Co. v. Ashley, 160 Ala. 580, 49 South. 388, the question for decision was whether the bill of exceptions was perfected within the time allowed by the practice act of the city court of Montgomery. The court declared that what purported to be the bill of exceptions was not signed within 30 days after the trial of the cause, nor within a time fixed by any valid order of extension made as required by the practice act; that:

"While the bill of exceptions may not, for the reasons above stated, be looked to and considered in respect to rulings of the court on questions arising on the main trial, still it may

---

be considered in reference to the action of the trial court in overruling the motion for a new trial."

This question was again discussed in Shipp v. Shelton, 193 Ala. 658, 69 South. 102, where the holding was that, if the bill of exceptions was not presented to the judge presiding at the trial within 90 days from date of trial, such purported bill of exceptions would not present for review the exceptions taken and allowed on the main trial; but that if presented more than 90 days from date of main trial, and yet within the 90-day period from date of the judgment on the motion for a new trial, only the questions presented for review by the judgment on the motion for a new trial will be considered.

[2] In the instant case, the trial was had on February 8, 1916, and the motion for a new trial was overruled on March 11, 1916. The bill of exceptions was presented to the presiding judge on May 5, 1916, and was signed and approved by him on August 1, 1916; and the appeal was perfected on August 9, 1916. It is thus clear that six months had not elapsed from the date of the order overruling the motion for a new trial (Code, § 2868); that the bill of exceptions was tendered to the judge presiding at such trial within 90 days from the day on which the judgment on the main trial was entered; and that the same was approved and signed by such presiding judge within 90 days of the date it was presented to him. Code 1907, § 3019; Buck Creek Lumber Co. v. Nelson, 188 Ala. 243, 66 South. 476; Shipp v. Shelton, supra; Gen. Acts 1915, p. 711; Code, § 2868; Dickens v. Dickens, 174 Ala. 345, 56 South. 809; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 South. 829.

The motion to dismiss the appeal is overruled.

The suit is for damages for wrongfully altering, changing, or falsifying, or causing to be wrongfully altered, changed, or falsified, the minute records of the circuit court of Jefferson county, Ala., appertaining to a certain cause, therein pending, between Samuel Wilder, plaintiff, and Sarah H. Bush, as executrix cum testamento annexo, etc., defendant. The alleged change of the minutes by the clerk of the court was not denied by defendant, but it was denied that there was any wrongful alteration or falsification of said minute record.

The death of said defendant, Sarah H. Bush, being suggested to the court, the court indorsed on his docket the memorandum: "* * * Leave given to revive said suit against her administrator de bonis non when appointed." The clerk writing up the judgment used the words of the bench note—"her administrator de bonis non, etc." Thereafter at the request of the appellants, as attorneys and parties in the suit against the administratrix of the estate of J. W. Bush, deceased, the clerk of said court changed the word "her," where the same appeared in the judgment entry before the word "administrator," to the word "the." Said clerk, as a witness in this cause, said that he did not know when the change in the minute of the final judgment was made by him, but that it was before he issued the scire facias (which was dated September 19, 1914), and that it was witness' best judgment that the change was made on the day the scire facias was issued to Geo. E. Bush, successor in representation of J. W. Bush's estate.

Appellants, however, as witnesses in their own behalf, were positive that the change was made by the clerk of the court, on their calling his attention to the matter and on their request, "before the adjournment of the court and before the minutes of the court had been signed for that term" by the presiding judge; that the attention of the presiding judge was called to the change; and that he said he intended to give appellants the "order asked for."

From the evidence set out in the bill of exceptions, it appears that no fraud was intended, in the making of the amendment, however inadvertently it was done, or however unwise it may have been not to address a formal motion therefor to the judge presiding, rather than a suggestion to the clerk. Attorneys and officials cannot be too careful in such matters. While the judge is expected to read the minutes of his court before they are signed by him, yet he often leaves much to his clerk, in the writing of the formal judgments from his bench notes. The trial judge, as a witness for appellants, stated that he rendered the judgment asked for by the attorneys seeking the revivor, and that it was his recollection, and he had stated to counsel for appellee, that, when the motion for the revivor was granted, the two appellants (the plaintiff and his attorney in the court below) and the appellee (the attorney for the defendant in the court below) were present in open court. It is further clear from the record that the revivor was of a suit in the circuit court of Jefferson county, Ala., which court was presided over by Judge Smith at the time, and that the suit was No. 2988-A, in which Samuel Wilder was plaintiff and Sarah H. Bush, as executrix, etc., of the estate of J. W. Bush, deceased, was defendant; that, while said suit was still undetermined, the said Sarah H. Bush, the said personal representative and, as such, the defendant in said cause, died; that the revivor was sought against the personal representative of the said J. W. Bush, when appointed, and not against that of the said Sarah H. Bush; that thereafter, on September 17, 1914, letters of administration cum testamento annexo, de bonis non, on the estate of J. W. Bush, deceased, were issued to the appellee.

The record and other evidence clearly showed that no suit was pending against Sarah H. Bush, individually, at the time the

revivor was granted by the court, but that there was a suit against her as the personal representative of J. W. Bush, deceased; that it was after her death, and before the appointment of her successor in administration, that the revivor was requested and granted; and that under the terms of the order the revivor was to operate against the personal representative, when appointed, of J. W. Bush, deceased.

[3-6] Under our practice, the court retains control of its journals during the entire term thereof, or for the time specified by the statute; and throughout such time the court may add to, strike out, or alter its journals, or incorporate new matter therein. On final adjournment, however, that control is lost. Lockwood v. Thompson, 73 South. 504;[2] Wynn v. McCraney, 156 Ala. 630, 46 South. 854. The statute declares that, when orders and judgments and decrees are entered upon the minutes of the court, "they are parts of the record of the cause to which they pertain." Code, § 5733. And it is made the duty of the clerks of such courts "to keep a book, in which must be entered the minutes of each day's proceedings during the term of the court, and the orders and judgments, in the order in which they are made or rendered." Code, § 3272, subsec. 8. This presupposes a reading of the minutes each morning in open court, which, however, is directory. It has been held that a failure to sign the minutes does not affect the validity of a judgment or decree. Carwile v. State, 148 Ala. 576, 39 South. 220; Frazier v. Praytor, 36 Ala. 691; Bartlett v. Lang, 2 Ala. 161. As we have observed, the court retains control of its journals throughout the term. Jacobs v. State, 146 Ala. 103, 108, 42 South. 70. The clerk should write the judgments from the bench notes and the pleadings in each cause. These entries are, in a general sense, in fieri until the minutes are signed by the presiding judge, or until the adjournment of court, or until the expiration of the limitation fixed by statute. Until such time, the clerk may make his minutes speak the truth by correcting clerical errors found therein, since within that time the court may "add to, strike out or alter that which is on the journals, or incorporate new matter." But no third party has the right to alter or correct even a clerical error contained in the journals of any court; and it is a serious assumption for any third person to attempt to do so personally, or to procure a clerk or register to do so.

[7] Under the undisputed evidence, the alteration complained of was the correction of a clerical misprision plainly shown by the record in the cause, as we are permitted to view that record in the testimony as to its contents detailed by witnesses for both parties. Such errors may be corrected, as provided by statute; after adjournment of the court. Code, §§ 3256, 2891, 4139, 4140; Lockwood v. Thompson, 73 South. 504;[2]

Jones v. Woodstock Iron Co., 95 Ala. 551, 10 South. 635. A clerical misprision has been held to furnish no cause for reversal of the judgment when the record on appeal discloses matter sufficient to authorize amendment of the judgment here. Seisel v. Folmar, 103 Ala. 491, 15 South. 850; Gray v. Raiborn, 53 Ala. 40; Seamans v. White, 8 Ala. 656; Stinson v. Faircloth, 3 Ala. App. 611, 57 South. 143; Keyser v. Maas, 111 Ala. 390, 21 South. 346.

[8] Clerical errors are not only those made by the clerk, but also those mistakes apparent on the record, made by counsel, or even by the court in the progress of the trial. Ford v. Tinchant, 49 Ala. 567; Vaughan v. Higgins, 68 Ala. 546; Ladiga v. Smith, 78 Ala. 109; Hastings v. Ala. State Land Co., 124 Ala. 608, 26 South. 881. A judgment was referred to the complaint and made to follow the same in Kyle v. Caravello, 103 Ala. 150, 15 South. 527. A recital in a bill of exceptions that the defendant (meaning the plaintiff) excepted to the ruling, etc., was held to show a clerical misprision which will be considered as amended. Schuessler v. Wilson, 56 Ala. 516. The caption of a record showing the true fact, it was held that a contrary memorandum therein was amended. Smith v. Bank, 5 Ala. 26. In Tilman v. McRae, 8 Ala. 677, it was held that where the record shows that the costs were improperly taxed —taxed against the wrong party—and that the irregularity was such that, on motion nunc pro tunc, it would have been corrected in the court below, it will under the statute be considered as done on appeal.

A question bearing strong analogy to that here presented was involved in Lamkin v. Dudley, 34 Ala. 116. The action was by a feme sole, whose marriage was suggested pending the suit; and it was held that the marginal entry of her former name in the statement of the parties to the judgment was an error apparent on the record and, as such, amendable, and the amendment was by the appellate court considered as having been made.

[9] There was error in refusing to give at defendant's request written charges 3, 5, and 7, for which the cause will be reversed.

[10] There was no error in sustaining plaintiff's objection to questions propounded to Judge Smith. The record must speak for itself.

The evidence of the clerk that the change in the judgment, to the best of his recollection, was made September 19, 1914, after adjournment of the term of the court, made this a jury question. Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 South. 601.

It was sought to support the allegation of damages, in the complaint, by evidence tending to show that the damage sustained through the alteration was the amount which the estate of J. W. Bush owed Geo. E. Bush for services rendered in representing the ad-

[2] 198 Ala. 295.

ministrator de bonis non of said estate and for representing said Judge C. B. Smith in said mandamus proceedings; that a reasonable fee for such services in representing the administrator on said motion before Judge Smith, to revive said suit, and for representing Judge Smith in said mandamus proceeding, was $50; and that the attorney's expenses in going to Montgomery were $5 or $6 additional.

[11] Clearly, the damages sustained in defending the mandamus suit for the circuit judge, in which contention the judge was not sustained, and in the expenses of a trip to Montgomery to attend the prosecution of the petition for mandamus on appeal, were too remote (Eslava v. Jones, 83 Ala. 139, 3 South. 317, 3 Am. St. Rep. 699; L. & N. R. R. Co. v. Fletcher, 194 Ala. 259, 69 South. 634), and could have been excluded on motion, on the introduction of the evidence, by proper written charge directed thereto (7 Mayf. Dig. 224).

Error having been committed on the trial, it results that the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.