## PERKINS v. HARPER.

Where the Court refuses to sign a bill of exceptions, and the party wishes to establish the exceptions by proof, under the statute, it must be done within the trial term, and on notice to the opposite party.

THIS was an action tried in Franklin Circuit Court, in which Harper was plaintiff, and Perkins was defendant. At March term, 1828, the cause was determined, and judgment was rendered for the plaintiff, for $720 26 debt, and $26 82 damages.

The record rceites that, at the trial, the defendant's counsel tendered a bill of exceptions, which the Court refused to seal; and thereupon that the presiding Judge drew up and filed a bill of exceptions, and ordered it to be made a part of the record, which bill of exceptions is set out. The record recites that afterwards, on the 7th of May, the defendant filed the bill of exceptions which had been rejected, and also three affidavits to establish its truth. The matter of those several bills, and the errors thereupon assigned, it is unnecessary to notice.

COALTER, for the plaintiff in error.

ORMOND, for the defendant.

By JUDGE SAFFOLD. In this case a preliminary question arises, which is decisive of the cause. On the trial in the Circuit Court, the plaintiff in error being the original defendant, tendered a bill of exceptions, which was refused by the presiding Judge, but who signed a different one, containing, as he said, the truth of the facts, but which was not satisfactory to the defendant. Two months subsequent to the term at which these proceedings were had, the defendant proceeded, under the authority of the statute, to establish his exceptions by affidavits, and without notice to the adverse party. The difference in

JANUARY 1830. the legal effect of the exceptions, is not considered material, except as relates to the terms on which the parties consented to have the judgment by default opened. The bill, as allowed by the Judge, states the consent to have been "that the defendant should plead to the merits of the action, and go to trial," and that he afterwards contended for the right to plead in abatement, which the Court refused to permit. The exceptions which he attempts otherwise to establish, state the consent to have been, "that the defendant should plead to issue," as the terms on which the default was opened.

Perkins
v.
Harper.

Therefore, without scrutinizing the effect of the agreement, regarded in either form, it is deemed sufficient to say, the exceptions claimed by the defendant were not taken in due time, or in the proper manner; that instead of the delay of two months, and *ex parte* affidavits, the only correct and safe rule, is, that the party claiming exceptions which the Court refuses to allow, shall proceed during the term at which they are rejected, and within a reasonable time after the trial, to make proof of the exceptions in the form precisely in which the bill has been refused by the Judge, and after due notice to the adverse party, or his attorney, of the time and place of taking the proof. The language of the statute, is, that in such cases, "it shall and may be lawful for the Supreme Court to receive such evidence of the exceptions as may be satisfactory to it." The Court must be satisfied of the truth of the exceptions taken. It may be a matter of the utmost importance, and *ex parte* statements can never be so satisfactory in the decision of essential rights, as proofs which the adversary has had an opportunity to contest. The points constituting exceptions are often so intricate, that delay would be productive of uncertainty and mistake.

The only material assignments of error being predicated on these latter exceptions, and they not having been regularly proven, the judgment must be affirmed.*

---

*See the case of the Tombeckbe Bank v. Malone, 1 Stewart's Reports, page 269.