BARTLETT & WARING v. LANG'S ADM'RS.

1. Where an exception is regularly taken during the progress of a trial, but the bill of exceptions is deferred to be signed at a more convenient time, and the term of the Court is terminated after the entry of the verdict and judgment, by the Judges' withdrawing from the bench, and by his refusing to return to it—if the Judge refuses to sign the bill of exceptions, it will be allowed by the Supreme Court, and ordered to be filed, on proof of these facts.

2. When a judge fails, or even refuses to sign the minutes of the Court over which he presides, this does not invalidate the record ; the fifteenth secton of the act of 1819, Aikin's Digest, 245, s. 28, is merely directory to the judge.

3. The clerk of the Court is the proper custodian of its records; and full credence is to be given to his official act in certifying them   If there should be reason to suppose, that mistakes or omissions have been made in completing any record, it is within the power of the proper Court to rectify them, and place the record in its proper condition.

Motion by the plaintiffs in error, to be allowed to file a bill of exceptions, under the act of 1826. (Aikin's Digest, 254, s. 5.)

The facts attending this case, as they appear by affidavit, are these :

The case was tried in the Mobile Circuit Court, at the November Term, 1840, some two or three days before its termination, in the manner hereafter to bed escribed, and exceptions were taken by the plaintiff to the charge of the Court.   The bill of exceptions was prepared on the same day of the trial, and was submitted to the counsel of the defendant, on that or the next day, by the direction of the presiding Judge.   The bill of exceptions was soon after returned to the plaintiffs' counsel, and no objections made to it by the adverse counsel.   On the same day, and before the bill of exceptions was presented to the presiding Judge for signature, the trial was terminated by his leaving the bench, to which he did not return afterwards.

The gentleman presiding as Judge, held the office under an executive commission, and having understood that the Legislature then in session, had elected another person as Judge, considered his authority at an end.   He declined to do any official

act, after the information was received by him. Application was made to him, to sign and seal the bill of exceptions, prepared as before stated, but he declined to act, stating that he was no longer Judge, and therefore could neither examine into the correctness of the exceptions, nor sign the bill as an exception.

It was further stated, that the minutes of the proceedings of the Court, were not signed by the presiding Judge.

STEWART, for the motion.

CAMPBELL, contra.

GOLDTHWAITE, J.—We have no hesitation in granting this motion, under the authority of the act of 1826. (Aikin's Digest, 254, s. 5.) It appears that the Court was suddenly terminated, by the Judge withdrawing from the bench, to which he did not return; consequently, the plaintiffs' counsel could have no opportunity to present his exceptions in Court, after the refusal of the Judge to sign them. The state of facts is so different from those which existed in the case of Perkins v. Harper, 2 Stewart, 477, in which a construction was given to the act of 1820, that it cannot be considered as governing this case. We are entriely satisfied with the evidence of the exceptions, and direct the bill to be filed with the transcript of the cause, as a part of the record in this Court.

2. As it was urged in the course of the argument of this motion, that the bill of exceptions was entirely unnecessary, for the reason, that no legal effect could be given to the judgment, because of the omission to sign the minutes of the Court, it may be proper to remark, that we do not consider the act of a Court invalidated, because the presiding Judge may fail or even refuse to sign, or otherwise authenticate, the proceedings. The fifteenth section of the act of 1819, Aikin's Digest, 245, s. 28, directs, "that the records of the respective Courts within this State, for each preceding day of every session, shall be read in open Court, in the morning of the succeeding day, except on the last day of the term, on which day they shall be signed by the Judge presiding in said Court." But, as this act is merely directory, and does not declare the record invalid, if either the

reading or signing is omitted, we cannot arrive at the conclusion, that it was intended to make these formalities essential.

3. The fiftieth section of the act of 1807, Aikin's Digest, 83, s. 7, makes it the duty of the Clerks of the several Courts in the State, to make up and enter on well bound books, to be kept by him for that purpose, a full and complete record of all the proceedings in each suit or prosecution. Many other enactments provide for the safe-keeping and certifying of the records by the Clerks of the several Courts; and heavy penalties are imposed on them, for a neglect of duty. (Aikin's Digest, 84, s. 12, 13; ibid. 241, s. 24, 26.)

The Circuit Court is invested with jurisdiction expressly given by statute, to examine and correct any omissions, neglects, corruptions, or defaults of their Clerks. (Aikin's Digest, 243, s. 18.)

These citations from our statutes, shew most abundantly, that the Clerk is the proper custodian of the records, and that to him is confided the care of making them in proper form. The Courts necessarily must possess the supervising power, to examine into and correct the errors which may occur.

Such being the case, we have no difficulty in arriving at the conclusion, that full credence is to be given to the official act of the Clerk of one of our Courts. If there should be reason to suppose, that mistakes or omissions have been made in the course of completing any record, it is within the power of the proper Court to rectify, and place the record in its proper condition.