# FRAZIER'S EXECUTORS *vs.* PRAYTOR.

[ACTION AGAINST EXECUTORS ON PROBATE DECREE AGAINST TESTATOR.]

1. *Requisites of decree.*—The failure of the probate judge to sign the minutes of the term, does not invalidate a decree, nor render it inadmissible as evidence under the plea of *nul tiel record.*

2. *Presentation of claim against decedent's estate.*—In an action against executors, on a decree rendered against their testator in his lifetime, (the statute of non-claim being pleaded,) a witness for plaintiff testified, that the defendants were informed of the nature and amount of the demand, and frequently admitted, within eighteen months after the grant of letters testamentary, "that the plaintiff was claiming said decree of said estate, but said they expected to be able to prove it had been paid"; and that on a partial settlement with the probate court, made within eighteen months after the grant of their letters, they reserved money to pay said decree, provided they should be compelled to pay it,—*held*, that this evidence, if believed by the jury, might justify them in finding that the claim was duly presented to the executors.

3. *Charge invading province of jury.*—The sufficiency of oral evidence to establish the due presentation of a claim against a decedent's estate, is a matter for the determination of the jury; and a charge which instructs them that the evidence, if believed by them, "is not sufficient to authorize them to find a due presentation of the claim," is an invasion of their province.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by John A. Praytor, against the executors of Richardson Frazier, deceased, to recover the amount of a decree of the probate court of said county, rendered on the 19th March, 1850, which was in the following words: "This day came Richardson Frazier, guardian of John A. Praytor, and made a final settlement of his accounts as such guardian, which is ordered to be recorded. By the final settlement of Richardson Frazier, guardian of John A. Praytor, there appears to be in the hands of said guardian the sum of two hundred and three dollars and twenty-three cents. It is therefore considered by the court, that the said John A. Praytor have and recover against the said Richardson Frazier, guardian as aforesaid, the said sum of two hundred and three dollars and twenty-three cents, for which let an execution issue." The defendants pleaded *nul tiel record*, and the statute of non-claim; and issue was joined on each of these pleas. On the trial, as the bill of exceptions shows, when the plaintiff offered the probate decree in evidence, the defendants objected to its admission, "because neither

said decree, nor the minutes of the term at which it was rendered, were signed by the judge of said court." The court overruled the objection, and adjudged the issue on the plea of *nul tiel record* in favor of the plaintiff; to which the defendants excepted.

"The plaintiff then introduced Moses Kelly as a witness, who was the probate judge of the county, who testified that, within eighteen months after the grant of letters testamentary to the defendants, he received a letter from the plaintiff", which he produced, and which asked information as to the condition of plaintiff's estate in the hands of his guardian—whether the guardian had ever made a settlement with the probate court, &c. "Said Kelly testified, that he told one or both of the defendants, within eighteen months after the grant of their letters, that said decree was upon record in his office, and that plaintiff was claiming it of their testator's estate, and, at the same time, read said decree to one or both of them; that his son G. P. Kelly, who was a clerk in his office, and who was not examined as a witness, though he was present in court, received letters from plaintiff, within said eighteen months, relative to said decree, and also a power of attorney to collect said decree from the defendants; that he (witness) had frequent conversations with the defendants, within said eighteen months, relative to said decree; that the defendants admitted, in said conversations, that plaintiff was claiming said decree of said estate, but said they expected to be able to prove it had been paid; and that upon making a final settlement with said probate court, within said eighteen months, the defendants reserved money to pay said decree, provided they should be compelled to pay it. Said conversations all took place after said letter was read and handed over to the defendants. There was no proof that the defendants knew of the existence of said power of attorney. The defendants' letters testamentary were granted on the 31st July, 1857, and they made due and legal publication for the presentation of claims. This being all the evidence on the question of presentation, the court charged the jury, (among other things,) that if they believed the evi-

dence of Judge Kelly, they might look to all the facts testified to by him, as circumstances from which they might infer that said decree had been presented to the defendants as executors, as a claim against their testator's estate, within eighteen months from the grant of letters testamentary to them. The defendants excepted to this charge, and requested the court to instruct the jury, that the testimony of said Kelly, if believed by them, was not sufficient to authorize them to find that said decree had been presented to them, as a claim against their testator's estate, within eighteen months after the grant of letters testamentary to them, as required by the statute of non-claim. The court refused to give this charge, and the defendants excepted."

The several rulings of the court to which exceptions were reserved, as above stated, are now assigned as error.

WM. S. EARNEST, with E. W. PECK, for appellant.
PORTER & MARTIN, contra.

R. W. WALKER, J.—The failure of the judge to sign the minutes, did not invalidate the decree, nor render it inadmissible in evidence.—Bartlett & Waring v. Lang's Adm'rs, 2 Ala. 161.

The charge excepted to was not an instruction that the evidence of Kelly, if believed by the jury, amounted to proof of a presentation of the claim within eighteen months. It left the weight of the evidence, in determining the question of presentation, to the jury; but instructed them, that there was no rule of law which prohibited them from finding, upon the evidence referred to, that the claim had been duly presented to the executors within eighteen months from the grant of letters testamentary. The evidence of Kelly showed, that the executors were informed of the nature and amount of the demand; that they frequently admitted, within the eighteen months, that " the plaintiff was claiming of said estate said decree, but said they expected to be able to prove it had been paid;" and upon a partial settlement made by them within the eighteen months, they reserved money

to pay this decree, provided they should be compelled to pay it. We cannot say that, upon such evidence, a jury would not be justified in finding a due presentation of the claim to the executors within eighteen months from the grant of letters testamentary.—See Pollard v. Scears, 28 Ala. 487; Harrison v. Jones, 33 *ib*. 258; Pharis v. Leachman, 20 *ib*. 662; Hallett v. Br. Bank, 12 *ib*. 192. Consequently, there was no error in the charge.

[3.] The charge asked by the defendant, was rightly refused. The sufficiency of the evidence to establish the presentation, was a matter which the court properly left to the jury; and the charge, if given, would have been an invasion of their province.

Judgment affirmed.