# Martin *v.* State.

### Murder.

(Decided January 13, 1916. Rehearing denied February 10, 1913. 71 South. 693.)

1. **Homicide; Dying Declarations; Admissibility.**—Where the deceased survived the shooting about eighteen hours, and when conscious that he could not recover, made statements to the effect that defendant had shot him, and in response to questions propounded when he realized that he was near death, made statements while defendant was present, that defendant had shot him, such statements were admissible as dying declarations.

2. **Same.**—In such a case the substance of decedent's statement designating defendant as his assailant, was admissible.

3. **Charge of Court; Reasonable Doubt.**—A charge that if any one of the jury had a reasonable doubt of the guilt of defendant from the evidence, the jury should give the benefit of the doubt to defendant, and not convict him, would impose upon the rest of the jury the reasonable doubt entertained by only one juror, and its refusal was proper.

4. **Same; Involving no Proposition of Law.**—A charge instructing that the jury must construe every reasonable doubt in favor of defendant, was properly refused as stating no proposition of law, since a reasonable doubt cannot be construed.

5. **Same; Presumption of Innocence.**—A charge asserting that the burden of proof was not shifted from the state to the defendant, and that the

[Martin v. State.]

presumption of innocence continued with defendant until the evidence convinced the jury that he could not be guiltless, and that unless that was done, they should acquit, was faulty, as tending to mislead the jury to conclude that defendant could not be convicted unless the jury were absolutely convinced of his guilt.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

Sam Martin was convicted of murder in the first degree, and he appeals. Affirmed.

The facts sufficiently appear. The following charges were refused to defendant:

(4) The jury must construe every reasonable doubt in favor of defendant.

(8) If any member of the jury have a reasonable doubt of the guilt of defendant from the evidence, the jury will give the benefit of the doubt to defendant, and not return a verdict of guilty.

(11) In this cause the burden of proof is not shifted from the state to defendant, and the presumption of innocence abides with defendant until the evidence in the cause convinces the jury that the defendant cannot be guiltless, and unless that is done, you should acquit him.

FRANK S. ANDRESS, for appellant. WM. L. MARTIN, Attorney General, and HUGO L. BLACK, for appellee.

McCLELLAN, J.—The appellant was adjudged guilty of murder in the first degree, and was sentenced to suffer death. The victim was James Little. Little was assassinated when he opened a door in the house of one Garret. The only issue in the case was whether the defendant was the assassin.

(1, 2) Little survived the shot about 18 hours. After ample proof that Little was conscious of his impending dissolution, the prosecution was allowed to show several statements made by Little in which he said the defendant was his assailant. After Little had been taken to a hospital in Birmingham, and at a time when the evidence tended to show that he realized he was near death, the defendant was brought into his presence; and, thereupon, in response to a question, designated the defendant as the one who shot him. There was also evidence tending to show that the defendant, in whose actual presence Little thus accused

him, made no denial or other statement. The statements attributed to Little in this connection were patently admissible as dying declarations. That the substance of Little's accusing statement, designating the defendant as his assailant, was admissible, is too clear for doubt.—*Yarbrough v. State*, 105 Ala. 43, 16 South. 758. There was no error in any of the rulings on the evidence.

(3) Charge numbered 8, requested for the defendant, was correctly refused, since it would have imposed upon the remainder of the jury the acceptance of the reasonable doubt entertained by only one member of the jury. It is a different instruction from those considered in *Hale's Case*, 122 Ala. 85, 26 South. 236, and other of our decisions in that line.

(4) Charge numbered 4 stated no proposition of law. It is not possible to "construe" a reasonable doubt.

(5) Charge numbered 11, requested for the defendant, was faulty, in that it was capable of misleading the jury to the conclusion that the defendant could not be convicted, unless the jury was absolutely convinced of his guilt, and thus inculcating the idea that a higher degree of certainty than that the law in fact requires was exacted to justify a conviction in a criminal case.

Justices MAYFIELD and SAYRE are of the opinion that the charge was faulty in its statement that the burden of proof did not shift from the state to the defendant; it being their opinion that the state discharged its burden, prima facie, with respect to proof of malice, when it was shown that the deceased was killed by the use of a deadly weapon.

No error appearing, the judgment must be affirmed.

Affirmed. All the Justices concur.