(86 South. 70)

### WATTS v. STATE. (5 Div. 752.)

(Supreme Court of Alabama. June 10, 1920.)

**1. Criminal law ⬥1033(2)—Failure of bill of exceptions to show proof of venue no ground for reversal where matter not raised.**

Where the question of the sufficiency of evidence to prove venue was not raised by appropriate instructions requested or given, the failure of the bill of exceptions to show the venue was proved, though it set out substantially all of the evidence, will not work a reversal of the judgment; no compliance with circuit court rule 35 (175 Ala. xxi) being shown.

**2. Criminal law ⬥994(1)—Judgment entry sufficient pronouncement of sentence, though not signed.**

While Code 1907, § 5732, declares that the minutes of the court must be read each morning in open court and on adjournment must be signed by the judge, it is not necessary that each judgment entry be signed, so an entry reciting conviction of murder on verdict of the jury, and that defendant, being asked if he had anything to say why sentence should not be pronounced upon him, said nothing, which further fixed the death penalty, is sufficient though the entry was not signed.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Lee Watts was convicted of murder in the first degree, and he appeals. Affirmed.

Hooton & Vann, of Roanoke, for appellant.

The evidence does not show sufficiently that the crime was committed within the jurisdiction of the court trying the case. 99 Ala. 180, 13 South. 658; 91 Ala. 61, 8 South. 694; 55 Ala. 28; 40 Ala. 9; 59 Ala. 82; 61 Ala. 75. The proper predicate for the dying declarations was not laid. 98 Ala. 63, 13 South. 274. The statement, "He says he got me; he says give me something to ease me; I can't get over this," and "a man as large as I am, wounded in the bowels like me, can hardly ever get over it," was not sufficient. The other propositions are discussed, without citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It clearly appears that the killing was done in the county of trial; but, if it was not, the court did not have it called to its attention in the proper way. 99 Ala. 180, 13 South. 658. The judgment entry is sufficient. 55 Ala. 86. The failure of the judge to sign the particular minute does not affect the validity of the judgment. 2 Ala. 161; 36 Ala. 691. A sufficient predicate was laid. 8 Michie's Ala. Dig. 302; 14 Michie's Ala. Dig. 114.

THOMAS, J. The defendant was convicted of murder in the first degree, and the death penalty was imposed.

[1] The question of the sufficiency of the evidence showing the venue of the crime to have been in Chambers county was not raised by appropriate instruction, requested or given, to the jury. When no instruction is given or refused, involving an inquiry into the sufficiency of the evidence to authorize a conviction, or as to the proof of venue, the failure of the bill of exceptions to show the venue was proved, while it sets out substantially all the evidence, will not work a reversal of the judgment; no compliance with circuit court rule 35 (175 Ala. xxi) being shown. Woodson v. State, 170 Ala. 87, 54 South. 191; Dentler v. State, 112 Ala. 70, 75, 20 South. 592; Hubbard v. State, 72 Ala. 164, 169; Justice v. State, 99 Ala. 180, 13 South. 658; Johnson v. State, 100 Ala. 55, 14 South. 627; Bowdon v. State, 91 Ala. 61, 8 South. 694; Ex parte Knight, 61 Ala. 482.

[2] The judgment entry showed a sufficient pronouncement by the court of sentence of death upon the defendant under the law. Gray v. State, 55 Ala. 86; Wright v. State, 103 Ala. 95, 15 South. 506; Wilkinson v. State, 106 Ala. 23, 17 South. 458; Roberson v. State, 123 Ala. 55, 26 South. 645. It was as follows:

"Indictment: Murder, first degree. On this 10th day of September, 1919, it being the day heretofore fixed for the trial of this cause, comes the solicitor, W. B. Bowling, who prosecutes for the state of Alabama, and also came the defendant, Lee Watts, in his own proper person and attended by his attorneys, and it appearing to the court that all orders heretofore made and entered in this cause have been executed and complied with, after selecting a jury of good and lawful men in all things as required by law, who were sworn according to law, the indictment was read to the jury in the presence and hearing of the defendant, and, as before, the defendant for his plea thereto says he is not guilty; thereupon come a jury of good and lawful men, to wit, R. T. Whitaker, foreman, and 11 others, who being impaneled, sworn, and charged as required by law, on their oaths do say: 'We, the jury, find the defendant guilty of murder in the first degree and say that he must suffer death.' It is thereupon considered and adjudged by the court that the

defendant is guilty of murder in the first degree, and that the state of Alabama, for the use of Chambers county, have and recover of the defendant the costs of this prosecution, for which let execution issue.

"And now on the 11th day of September, 1919, the defendant, Lee Watts, being in open court and being asked by the court if he has anything to say why sentence of the law should not now be pronounced upon him says nothing, it is considered and adjudged by the court and it is the judgment and sentence of the law that the defendant, Lee Watts, be held in custody by the sheriff of Chambers county until Friday, October 24, 1919, and that on said Friday, October 24, 1919, between the hours of 7 o'clock a. m. and 4 o'clock p. m., in the jail of said county or other building or inclosure closed from public view, he, by the sheriff, his deputy, or other officer acting for the sheriff, be hanged by the neck until he is dead, and it is ordered that in the execution of this sentence the sheriff will conform strictly with the statutes in such cases provided."

It is provided by statute that—

"The minutes of the court must be read each morning in open court, and, on the adjournment of the court, must be signed by the judge." Code, § 5732.

This is held not to require the signing of each judgment entry. The failure of the judge to sign the minutes is held not to affect the validity of a judgment and decree regularly entered on the minutes of the court while the court was in session. Lockwood v. Thompson et al., 198 Ala. 295, 73 South. 504; Wilder v. Bush, 201 Ala. 21, 75 South. 143, 146; Carwile v. State, 148 Ala. 576, 579, 39 South. 220; Fraziers v. Praytor, 36 Ala. 691; Bartlett v. Lang's Adm'rs, 2 Ala. 161.

A sufficient predicate was laid for the admission of the dying declarations that were relevant and material evidence on the trial. Carmichael v. State, 197 Ala. 185, 72 South. 405; Martin v. State, 196 Ala. 584, 71 South. 693; Gibson v. State, 193 Ala. 12, 69 South. 533.

We find no error in the record, and the judgment of the circuit court is affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and BROWN, JJ., concur.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes