**YOUNGER et al. v. McCOY et al.**

No. 2228.

Court of Civil Appeals of Texas. Beaumont.

Oct. 3, 1932.

Rehearing Denied Oct. 5, 1932.

Llewellyn & Dougherty, of Liberty, for appellants.

Ward & Ward, of Houston, for appellees.

WALKER, C. J.

Under orders of the county court of Liberty county, Adlawyer Baldwin, as guardian of her minor children, Thresa Jane, Leanna, Sarah Lee, and Frederick Antoine, on the 1st day of February, 1922, sold to J. I. Younger of Harris county the undivided one-half interest of her minor children in a certain tract of 71½ acres of land in Liberty county. After the execution of this deed, Thresa Jane married Arthur McCoy, on the 22d day of September, 1927, and Leanna married Emory Smith on the 3d day of May, 1928. On the 17th day of September, 1929, Thresa Jane and Leanna, joined by their husbands, under the provisions of article 932, R. S. 1925, filed their petition herein in the district court of Liberty county, praying for certiorari to the county court of Liberty county for the purpose of revising and having set aside their guardian's deed, as above described. This petition was presented to the Honorable Thos. B. Coe, district judge of Liberty county, on the 17th day of September, 1929, who promptly indorsed his fiat thereon, ordering that the writ of certiorari be issued as prayed for, upon the execution of a bond in the sum of $200. The bond was duly executed, the writ issued, and service and return had thereon on the 19th of September, 1929. The defendants named in the petition were J. I. Younger and his grantees of the 71½ acres of land. Defendant J. I. Younger, having sold all his interest in the land, filed a disclaimer. The other defendants answered on the 4th day of February, 1930, and the 22d day of October, 1930. At the July term, 1931, Judge Coe certified his disqualification because of his relationship to one of the parties to the suit. On July 16, 1931, at the same term of court, Judge Ewing Boyd, sitting as district judge of Liberty county under exchange of benches with Judge Coe, assumed jurisdiction of this case and entered his order ratifying and confirming all orders made therein by Judge Coe and all other proceedings had in the case, including approval of the bond upon which the writ was issued. From the facts just stated, it appears that the order made by Judge Coe was within the two-year period provided by article 932, and it also appears that Judge Boyd's order of confirmation was made and entered much more than two years after the disabilities of the minors Thresa Jane and Leanna had been removed by their marriage. On the 16th day of July the defendants filed their written motion to dismiss this proceeding on the ground that it was not filed and prosecuted within the two-year period provided by article 932,

making the specific point that Judge Boyd did not have the power to ratify and confirm Judge Coe's orders after the expiration of the period of two years provided by article 932. This motion was in all things overruled. Thereupon the case proceeded to trial to a jury. After all the evidence was in and after the court had refused the motion of defendants for an instructed verdict and had granted plaintiffs' motion for an instructed verdict, with consent of all parties, the court discharged the jury and entered judgment in plaintiffs' favor for cancellation of the guardian's deed. This judgment was entered as if the case had been tried to the court without a jury, and on motion of defendants the trial court filed his conclusions of fact and law in support of his judgment. From that order the defendants have duly prosecuted their appeal to this court.

### Opinion.

■ The court did not err in overruling defendants' motion to dismisss this proceeding on the ground that the order of Judge Ewing Boyd, ratifying and confirming the previous orders made by Judge Coe, was void. As Judge Coe was disqualified herein, of course, all orders made by him were absolutely void. But Judge Boyd had the power, as a matter of original jurisdiction, to make all the orders in issue and therefore, under Comstock v. Lomax (Tex. Civ. App.) 135 S. W. 185, to ratify and confirm Judge Coe's orders.

Appellants do not deny the power of the district judge to enter an order of confirmation where the previous orders were made by a disqualified judge, as was Judge Coe in this case, but their insistence is that the order of confirmation and ratification must be made within the two-year period provided by article 932, or within a reasonable time after the expiration of that two years. We think the facts of this case support the conclusion that petitioners acted with all due diligence in the prosecution of their case after the disqualification of Judge Coe was entered. We say this because the record shows affirmatively that the disqualification was entered at the July term, 1931, and a short while thereafter, and at the same term of court, the petitioners prosecuted their suit to judgment.

■■ Appellees base their prayer for certiorari upon allegations of the following facts, which we take from appellants' brief:

"(a) That no necessity existed for the sale for that the application for sale shows that the minors then had on hand personal property which could have been sold and also had on hand money.

"(b) That the allegations in the application for order of sale that said property sought to be sold was not calculated to have any reasonable increase in value and was non-revenue bearing were false, and that said property was in fact revenue bearing and was cal-

culated to have a reasonable increase in value.

"(c) That the application for order of sale stated that the minors' interest in said lands was undivided but that the order of sale directing the sale of the minors' interest did not specify what the interest of said minors in said land was and that such interest of the minors in said land was not set out in the report of sale or in the confirmation of sale.

"(d) That the probate court approved the report of sale without inquiry to whether the sale was fairly made or not.

"(e) That there was no competition between bidders and no opportunity given persons other than the purchaser named in said proceedings to purchase at said sale and no offer was made to others of such property in order to obtain a more advantageous price than was offered by the said alleged purchaser.

"(f) That the purchaser named in the report of sale and confirmation thereof in fact paid no consideration for the property.

"(g) That the purchaser was guilty of fraud in that he and those associated with him prepared the instruments in connection with said sale; that the guardian was told to sign them and did sign them where it was indicated she should sign; that the guardian did not understand and was never told that she was making a deed as guardian of the minors; and that she was told by the purchaser that the guardian's deed was merely a ratification of a former deed executed by her individually.

"(h) That the consideration recited in the report of sale, confirmation of sale and in the guardian's deed was grossly inadequate; that property purported to be sold was at the time of the reasonable worth and value of four times the sale price recited in the deed."

It thus appears that all the allegations for relief against the guardian's deed are of matters not appearing on the face of the record in probate, but are aliunde of the record, except paragraph (c). Against these allegations appellants, as subvendees under J. I. Younger, the vendee in the guardian's deed, plead the defense of innocent purchaser. We think the trial court committed reversible error in sustaining appellees' exceptions to this plea except as to paragraph (c). Pure Oil Company v. Clark (Tex. Civ. App.) 35 S.W.(2d) 838, 840, was a certiorari proceeding brought, as was this case, under article 932 to set aside and annul an oil lease made by the guardian to one R. E. Blackwell. Appellants held the lease by assignment under Blackwell and answered the petition for certiorari by a plea of innocent purchaser. The trial court sustained exceptions to this plea. In holding that this ruling was error, the Court of Civil Appeals held: "In reference to the sustaining of appellee's special exception addressed to appellant's plea of innocent purchaser for

value without notice of the oil lease in question, we are of opinion that, in so far as the grounds urged by appellee for writ of certiorari depended upon evidence aliunde the record sought to be reviewed and corrected, the court erred in sustaining said exception. However, as to all matters appearing upon the face of the record that would render void the proceedings sought to be reviewed and corrected, said exception was properly sustained, as the defense of innocent purchaser for value could not prevail against such exposition of the record."

As just said, the issue raised by paragraph (c) of the petition for certiorari, being apparent upon the face of the record, was not subject to the defense of innocent purchaser. But we think the description of the minors' interest, as given in the application for sale, the order of sale, the report of sale, and the order of confirmation, was sufficient, and therefore the attack on the deed as made by paragraph (c) was without merit. The minors' interest in the land was described as follows:

"All the right, title and interest of said four minors in and to an undivided one-half interest in and to that certain tract of 75 acres of land in the David Minchey League in Liberty County, Texas, particularly described as follows:

"Beginning at the southwest corner of the J. W. Clayton Survey on the east bank of the Trinity River;

"Thence S. 89 East 1332 vrs. edge of hill, 2303 corner in west edge of marsh stake from which a gum 15 in. dia. brs. N. 40 W. 4 4/10 vrs. a gum 10 in. dia. N. 89½ W. 6–8/10 vrs.

"Thence N. 17 E. with the margin of the marsh 230 vrs. to the N. E. corner of this survey, a stake from which a gum 4 in. dia. brs. N. 88 W. 2 vrs.

"Thence N. 89 W. 1028 vrs. to a stake from which a post oak 20 in. dia. brs. N. 50 E. 3 vrs.

"Thence S. 17 W. 48 vrs. a stake in edge of bottom;

"Thence N. 89½ W. 1010 vrs. to a stake on the bank of the river;

"Thence down the river with its meanders 567 W. 370 vrs. to the beginning, saving and excepting therefrom that certain tract of 3½ acres conveyed by Adlawyer Baldwin to J. F. Richardson by deed dated February 25, 1921, recorded in Vol. 102, page 526, Deed Records of Liberty County, Texas."

In the application the request was made "that said sale should be made at private sale for cash." The order of sale was in accordance with the prayer. The report of the sale showed that it was made at private sale and for cash, and this report was duly confirmed. The particular point made against the sufficiency of this description was that the separate interest of each minor in this land was not given; it being insisted that the extent of the undivided interest of each minor in this land should have been pleaded. In view of the fact that the land was sold at private sale under orders of the court duly entered, we think the description was sufficient. At the private sale the failure of the application to set out the exact interest of each minor in the land would not prevent the property from bringing its fair reasonable cash value. Judge Pleasants' holding in Jirou v. Jirou (Tex. Civ. App.) 136 S. W. 493, 496, is conclusive on this point. He there said:

"There is no merit in the second assignment, which complains of the judgment of the court below on the ground that the description of the land contained in the order of sale and order of confirmation is so meager and indefinite as to render such orders void; and that, if such orders are not void, the uncertainty of the description therein is such that it was calculated to deter bidders at such sale and thereby prevent the property from selling at its true value.

"While the description of the land in the order of sale is not as full as it should be, it is sufficient to identify the property, and that is all that was required. The sale in this case as ordered by the court was a private sale and the meagerness of the description could therefore have had no effect upon the price paid for the land by the appellees."

That no necessity existed for the sale of the minors' undivided interest in the land in controversy and that they owned personal property which could have been sold and also possessed a certain amount in money, as pleaded in paragraphs (a) and (b) of their petition copied above did not vitiate the sale. It is provided by article 4195 that "when the property of the ward consists in whole or in part of an undivided interest in real estate and the guardian believes it to be the best interest of the estate of the ward to sell such real estate, he may, by written application to the court in which such guardianship is pending, ask for an order for such real estate to be sold." The application and the other proceedings in probate were in strict compliance with the provisions of this statute. Schaeffer v. Williams (Tex. Civ. App.) 208 S. W. 220.

Because of the error in sustaining the exception to appellants' pleas of innocent purchaser, we do not discuss their assignments that the trial court's conclusions of fact, in support of the other allegations of the petition, are without sufficient support in the evidence.

**Reversed and remanded.**