## MOORE v. EVANS et al.

### No. 13516.

Court of Civil Appeals of Texas. Fort Worth.

March 5, 1937.

Rehearing Denied April 2, 1937.

Alton V. Grant, of Longview, for appellant.

Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, and H. P. Smead, of Longview, for appellees.

DUNKLIN, Chief Justice.

A. M. Moore was duly appointed guardian of the person and estate of Vernon White, Jr., a minor, in the county court of Tarrant county and duly qualified as such on May 12, 1930. On January 27, 1931, the guardian, through his duly authorized attorney, J. Everett Kline, filed the following application:

"In Re Guardianship of Vernon White, a minor. In the County Court of Tarrant County, Texas, for probate matters.

"Now comes A. M. Moore, guardian of the person and estate of Vernon White, a minor, and would respectfully show to the court as follows:

"That on January 1, 1900, his ward's grandfather, B. F. White, purchased from G. B. Turner eighty-one acres of land, more or less, in the John— and W. L. Wilborn surveys in Gregg County, Texas, which deed was placed of record on October the 18th, 1909, and recorded in volume W, page 514, Deed Records of Gregg County, Texas.

"That during the month of February, 1910, Elizabeth White, wife of B. F. White, died, and on November the 17th, 1911, B. F. White was appointed Community Administrator of her estate, which proceedings are of record in Volume F page 403-405, Probate Minutes of Gregg County, Texas.

"That on November the 18th, 1917, B. F. White conveyed the above described acreage, the same being described as eighty-one acres, more or less, to W. L. Whittaker, which deed was placed of record on November the 17th, 1917, and recorded in volume 33, page 559, Deed Records of Gregg County, Texas.

"That it has been recently discovered, after a survey had been made, that there was more than eighty-one acres of said tract of land, towit: sixteen and four-tenths acres (16⁴⁄₁₀) all of which was under fence by B. F White, and the same was included in the eighty-one acre tract conveyed by B. F. White to W. L. Whittaker.

"Your guardian would further show to the court, if he has any title or interest in the said sixteen and four-tenths (16⁴⁄₁₀) acre tract, it is only due to the operation of the statute of limitation, and is an undivided interest, the exact extent of which is unknown, and that the said minor, Vernon White, is now being threatened with a suit by the owners of said land, who are not willing to admit that said minor has an interest in said tract of land. That your guardian deems it advisable and just that he be permitted by this court to give a quit claim deed conveying all his right, title and interest, if any he has, in said tract, which is described by metes and bounds as follows: (Here follow field notes of the 16.4 acres).

"Wherefore, your petitioner prays that upon a hearing hereof that an order be issued by the court authorizing him to execute and deliver said quit claim deed for the purpose as above described."

Upon that application the court, on April 4, 1931, made the following order: "In Re Estate of Vernon White, a minor. In the County Court of Tarrant County, Texas, ·Probate Matters.

"This day came on to be heard in the guardianship of Vernon White, a minor, the application of A. M. Moore, guardian of the person and estate of said minor, for an order to sell real estate belonging to the said minor, and the court having considered such application, and the evidence offered, and it .appearing to the court that the filing of such application was immediately called to the attention of the Judge ·of this Court by the clerk thereof, whereupon the day was set by said Judge to hear such application, that such application has remained on file at least five days before any orders have been made thereon, that it is most advantageous to said estate to sell the land .mentioned in said application, towit: (Here follow field notes, the same as in the application).

"That .said land ought to be sold at a private sale for cash, because the interest which minor has in said property is an undivided interest, the exact extent of which is unknown.

"It is therefore ordered, adjudged and decreed that the said A. M. Moore, guardian as aforesaid, shall file a good and sufficient bond subject to the approval of this court, in an amount equal to twice the amount for which such real estate is sold and shall sell the above described tract of land as the law requires, at a private sale for cash, and that he make due report of said sale in accordance with law."

On April 6, 1931, the guardian filed a report reciting that in pursuance of the order of sale theretofore made, he had sold the interest of the minor in the tract described in the order to C. D. Evans for the sum of $225 cash, subject to a confirmation of the sale by the court, and that he had filed the bond required in such order, which had been approved by the court.

On April 13, 1931, the court made the following order:

"In Re Estate of Vernon White, Minor. In the County Court of Tarrant County, Texas, for Probate Matters.

"This the 13th day of April, 1931, came on to be heard in the above estate, the report of A. M. Moore, guardian of the estate of the same minor, of sale to C. D. Evans of 16.4 acres of land, originally survey P. McAnelly, in Gregg County, described as follows: (Here follow field notes.)

"And made in obedience to the order of this court passed on the 4th day of April, 1931, and the court having inquired into the manner in which such sale was made, having heard the evidence in support of and against the same, and being satisfied that such sale was fairly made and in conformity with law that the guardian has filed bond as required .by law, which has been duly approved by the court, and that fully five days have elapsed after the day upon which such report was filed, it is therefore ordered, adjudged and decreed that such sale be and it is hereby confirmed, that such report of sale be recorded by the clerk, and that the proper conveyance of the property sold be made by the guardian to the purchaser C. D. Evans upon compliance by such purchaser with the terms of sale."

After confirmation of the sale, the guardian executed a deed to C. D. Evans, quitclaiming to him all of the interest of the minor in the 16.4-acre tract, for which Evans paid him therefor in cash the sum of $225, all in accordance with the orders of court above referred to.

On May 3, 1935, the guardian filed a bill of review in the county court of Tarrant county to set aside said sale to C. D. Evans, in which C. D. Evans and several other persons and corporations, who were his vendees and subvendees, were made parties defendant. The bill recited all the proceedings theretofore taken in the county court leading up to and including the execution of the deed to C. D. Evans by the guardian and the confirmation thereof by the court; also reciting that the property so sold was an undivided one-fourth interest in the 16.4 acres of land mentioned. The application contained these further allegations:

"That said sale is void for the following reasons, towit:

"First, the purported application for the sale of said real estate was not made by this Guardian and that the same was not signed by said guardian, and the same was not sworn to by the said guardian, and that the same did not contain an exhibit under oath or otherwise, showing the condition ·of the estate of said minor as required by Article 4196, Texas Statutes.

"Second, said sale is void for the further reason that said application does not state the purpose for which said sale is made and for the reason that the Court did not hear evidence to determine the necessity of said sale as required by statute.

"Third, for the further reason that the Order of Sale does not state the purpose for which said sale is made, and for the further reason that the application applied for the right to give a quit claim of the land of said minor, which proceedings was not authorized by law, and for the further reason that the Deed given in pursuance thereof is not a Quit Claim Deed but a Warranty Deed, and not in accordance with the purported application and the order of the Court ordering said sale.

"The plaintiff further shows to the Court that at the time said sale was made he was not apprised of the true facts concerning the title of said minor to said land, and was unaware of the fact that the same was proven oil land being in the heart of what is known as the East Texas oil field, and that the consideration paid was wholly inadequate.

"The plaintiff further alleges that there existed at the time of said application of sale no necessity therefor, that said minor was being cared for by said guardian in his home as his stepson and was being well provided for and that the interest of said minor was not being questioned by anyone, neither was he being threatened with any suit as alleged in said application, and that the Court heard no testimony to support such application and made no investigation to ascertain whether a necessity for said sale actually existed.

"Wherefore the plaintiff prays the Court that the defendants be cited to appear and answer herein and that on final hearing the said Order of Sale and the order confirming said sale, and the Deed made by this Guardian in pursuance thereof, be set aside, revoked and for naught held, and for such other and further relief, special and general, in law or in equity, that he may prove himself in title."

All of the defendants named in the bill of review filed answers thereto, in each of which a general demurrer and a general denial were urged, and several of the answers included allegations of purchase by C. D. Evans and by others from him, in good faith for valuable consideration paid and in reliance upon the orders of court authorizing and approving said sale; and further that the proceeding by bill of review was a collateral attack upon the orders of the probate court, above referred to.

The county court overruled plaintiff's application to set aside its order authorizing and confirming the sale. On appeal therefrom to the district court a like judgment was rendered, and from that judgment this appeal was prosecuted.

All of appellant's assignments of error and authorities relied on in support thereof proceed upon the theory that the bill of review prosecuted by the guardian constituted a direct attack upon the orders of the probate court authorizing and approving the sale made by the guardian to C. D. Evans, and that the sale was void for the following reasons:

1. "The application of sale is an application to make a quit claim deed and sets out that if said minor has any title, it is only due to the operations of the statute of limitation, the law not authorizing this method of disposing of a minor's property."

2. "The application for sale was neither signed nor sworn to by the guardian who was the applicant."

3. "There was no sworn exhibit attached to said application of sale showing the condition of the minor's estate as required by article 4196 of Vernon's Annotated [Civil] Statutes."

4. "The order of sale in this cause was not signed by the court and bears the signature of no one in authority, but is merely a blank sheet inserted in the papers in this cause."

5. "The order confirming said sale does not bear the signature of the probate judge and is merely a blank order appearing in the file of this cause."

The principal contention of the appellees is that the bill of review was based upon a collateral attack upon those orders of the court, and the grounds upon which those orders were challenged were mere irregularities which did not go to the jurisdiction of the court and for that reason furnish no basis for the attack made.

The first and pivotal question to be determined is whether or not the allegations shown in the bill of review constituted a direct or a collateral attack upon the orders of the probate court.

The record shows that the original bond given by A. M. Moore as guardian of the person and estate of the minor was executed by him as guardian and the National Surety Company of New York as surety, and the sale bond given by him when the court confirmed the sale was executed by him as guardian and Eugene. Brown and R. A. Ransom as sureties. None of the sureties on the bonds was made a party defendant in the bill of review.

Article 4168, Rev.Civ.Statutes, reads: "The guardian of the estate shall use due diligence to collect all claims or debts owing to the ward, and to recover possession of all property to which the ward has a title or claim; provided, there is a reasonable prospect of collecting such claims or debts, or of receiving such property; and if he neglects to use diligence, he and his sureties shall be liable for all damages occasioned by such neglect."

In subdivision 4 of article 4201, Rev. Civ. Statutes, it is provided that an order of sale of real estate belonging to the ward "shall require the guardian to file a good and sufficient bond, subject to the approval of the court, in an amount equal to twice the amount for which such real estate is sold." That statute does not prescribe the conditions of the bond to be so given, but the bond filed in this case and approved by the trial court was conditioned that the guardian "will faithfully discharge the duties of the guardian of the estate of such ward according to law, and will faithfully and fully account for the proceeds of such sale and pay and deliver same over into said estate."

In Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.(2d) 932, 933, in an opinion by Justice Critz of the Commission of Appeals, it was held that the sureties on the guardian's bond were necessary parties to a bill of review to set aside orders of the probate court authorizing and confirming a sale of real estate belonging to the ward made by the guardian, and that the attack made upon those orders in the absence of the sureties as parties was a collateral attack and governed by the rules applicable to such an attack on the judgment. In the opinion in that case the following was said:

■ "Under article 4328, supra, 'any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein.' Also the 'bill of review' provided by the above statute 'need not conform to the rules, and is not limited to the restrictions, of the equitable practice as applicable to that remedy.' Jones v. Parker, 67 Tex. 76, 3 S.W. 222, 224. In spite of the terms of this statute, and the fact a 'bill of review' thereunder is not limited by the restrictions of equity rules, still for a direct attack to be made thereunder all persons who might be in any way affected by its result must be before the court. Hannon v. Henson (Tex.Com.App.) 15 S.W.(2d) 579. In fact, this rule applies generally where a judgment is attacked. 25 Tex.Jur., page 650 and notes.

"One of the tests in determining whether an attack on a judgment is direct or collateral is whether all the parties to be affected thereby are before the court. If all such parties are not before the court, the attack at best can only be classed as collateral. Hannon v. Henson, supra."

The facts alleged in the bill of review were sufficient to convict the guardian of a failure to perform the duties required of him by the provisions of article 4168, Rev.Civ.Statutes, and give the ward a right of action against him and his sureties for failure to perform those duties. It follows, therefore, that the National Surety Company of New York was a necessary party to the bill of review. And we believe that the sureties on the sales bond were likewise necessary parties, since, if the orders of the court, authorizing and approving the sale, are set aside, as the guardian sought to do, then C. D. Evans, the purchaser, would have a right to a return of the $225 paid by him for the property, and the sureties on the sales bond would be liable to him therefor, jointly with the guardian.

■ Under the authorities above cited, we believe it clear that the attack made on the orders of the court is a collateral attack and governed by the rules applicable to such an attack on judgments. We conclude further that the grounds upon which the orders of the probate court were attacked did not go to the jurisdiction of the court to make them, but constituted mere irregularities in the proceeding, which were not sufficient to invalidate the orders. 25 Tex.Jur. § 58, p. 425; § 61, p.

428; § 73, p. 443; § 250, p. 678; § 258, p. 700.

It has been specifically held that an order of the probate court authorizing a sale of land in guardianship proceedings cannot be collaterally attacked on the following grounds, to wit: That there was in fact no necessity for the sale. Kleinecke v. Woodward, 42 Tex. 311; Younger v. McCoy (Tex.Civ.App.) 53 S.W.(2d) 165. Failure to carry forward in the minutes of the court the order of court authorizing sale of land. Wilkinson v. Owen (Tex.Civ.App.) 72 S.W.(2d) 330; Hannon v. Henson (Tex.Com.App.) 15 S.W.(2d) 579. That the application did not set forth a statutory ground therefor. Schaeffer v. Williams (Tex.Civ.App.) 208 S.W. 220 (writ refused). That the guardian failed to make oath to the application for sale. Stillwell v. Savings & Loan Association (Tex.Civ.App.) 30 S.W.(2d) 690. Failure to give notice of the sale in the manner and for the length of time required by the statutes. Kendrick v. Wheeler, 85 Tex. 247, 20 S.W. 44; Weems v. Masterson, 80 Tex. 45, 49, 15 S.W. 590; Heath v. Layne, 62 Tex. 686; Lyne v. Sanford, 82 Tex. 58, 63, 19 S.W. 847, 27 Am.St.Rep. 852. And notice of private sale, as in the present suit, is not required by statute. Le Fors v. Le Fors (Tex.Civ.App.) 41 S.W.(2d) 517. Failure to attach to the application for sale a verified exhibit showing condition of the estate, required by article 4196, Rev.Civ. Statutes 1925. Kleinecke v. Woodward, 42 Tex. 311. Failure of the probate judge to sign the order of sale. 25 Tex.Jur. p. 425, § 58; Norwood v. Snell, 95 Tex. 582, 68 S.W. 773; Cannon v. Hemphill, 7 Tex. 184. Failure of the court to require the guardian to execute a sales bond as specifically required by article 4201, subd. 4, Rev.Civ.Statutes 1925, as a condition precedent for approval of the sale. Sloan v. Woods (Tex.Com.App.) 25 S.W.(2d) 309; Burton v. McGuire (Tex.Com.App.) 41 S.W.(2d) 238.

Since the attack on the orders of the probate court in question was a collateral attack and not a direct attack, authorities relied on by appellant applicable to a direct attack on such orders have no proper application to this case and therefore they will not be reviewed.

It is our conclusion that all the grounds relied on by plaintiff to set aside the orders of the county court authoriz-

ing and approving the sale in controversy consisted of irregularities only and were not a challenge of the jurisdiction of the court to make them, and that the trial court did not err in overruling plaintiff's attack made thereon.

Accordingly, the judgment of the trial court is affirmed.